SAMUEL F. V. WHITED, Respondent, *v.* THE GERMANIA FIRE INSURANCE COMPANY, Appellant.

Defendant issued to plaintiff a policy of fire insurance, which contained conditions and provisions, in substance, as follows : that if the property insured should be sold, or if the interest of the assured was not truly stated, the policy should become void; that anything less than a distinct, specific agreement, indorsed on the policy, should not be construed as a waiver of any condition therein; and that any person who may have procured the insurance to be taken "shall be deemed to be the agent of the assured, and not of the company under any circumstances whatever, or in any transaction relating to this insurance."   The policy was procured through one H., who countersigned it as defendant's agent.   It was renewed twice; each renewal receipt, which was signed by defendant's president and secretary, contained this clause : "Not valid unless countersigned by the duly authorized agent of the company."   Each was countersigned by H. as agent; he received the premiums and forwarded them to defendant, by whom they were received.   On applying for a third renewal plaintiff informed H. that he had sold the premises, and that his interest was as mortgagee.   H. received the premium, gave another renewal certificate, and said he would "make it all right "   H. was the duly authorized agent of defendant.   In an action upon the policy, for loss occurring after the last renewal.   *Held*, that in the renewal of the policy H. was the agent of

defendant, for whose acts it was bound; that there was a valid waiver of the conditions of the policy, and it remained in force for another term insuring plaintiff's interest as mortgagee.

*Rohrbach* v. *Germania Fire Ins. Co.* (62 N. Y., 47); *Alexander* v. *Same* (66 id., 464), distinguished.

(Argued February 17, 1879; decided March 18, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 13 Hun, 191.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*B. C. Chetwood*, for appellant. A policy of insurance is a contract upon condition, and a breach of the condition will avoid the policy. (*Jennings* v. *Chenango Mut. Ins. Co.*, 2 Den., 75; *Jube* v. *Brooklyn Fire Ins. Co.*, 28 Barb., 412; *Pindar* v. *Resolute Fire Ins. Co.*, 47 N. Y., 114.) Insurance contracts being dependent to a great extent upon the good faith of the insured, the statement of ownership is most material. (*Merrill* v. *Farmers and Mech. Fire Co.*, 48 Maine, 485.) The notice of change of title to Harmon, if one was given, was not binding on defendant. (*Rohrbach* v. *Germania Fire Ins. Co.*, 62 N. Y., 47; *Alexander* v. *The Same*, 66 id., 464; *Loring* v. *Manufac. Ins. Co.*, 8 Gray, 28.)

*W. A. Poucher*, for respondent. Defendant's agent at Oswego had full power and authority to continue the insurance on the plaintiff's interest as mortgagee by making the indorsement of the change of title upon the policy, or to waive that condition of the policy requiring the indorsement and consent to the transfer verbally. (*Van Schaick* v. *Niagara Ins. Co.*, 68 N. Y., 434; *Pechner* v. *Phœnix Ins. Co.*, 65 id., 195; S. C., 6 Lans., 411; *Shearman* v. *Niagara Ins. Co.*, 46 N. Y., 526; *Fish* v. *Liverpool, London and Globe Ins. Co.*, 44 id., 538; *Pitney* v. *Glens Falls Ins. Co.*, 65 id., 6; *Broadhead* v. *Lycoming Fire Ins. Co.*, 21 N. Y.

Sup. Ct., 456; *Gates* v. *The Penn. Fire Ins. Co.*, N. Y. Sup. Ct., 489; *Whitwell* v. *Putnam Ins. Co.*, 6 Lans., 166; 46 N. Y., 526; 44 id., 538; 17 N. Y. Sup. Ct., 489; 65 N. Y., 195.) The power of an agent to waive payment of premium is well settled. (51 N. Y., 117; 35 id., 131; 26 id., 460; 19 id., 305; 32 id., 619; 59 id., 171; 48 id., 379; 3 Keyes, 416; 18 N. Y., 392.) The issuing and delivering to plaintiff of the certificate on October 11, 1872, after notice of the change of his interest in the premises, and saying to him that it was all right, was in law an insurance of his mortgage interest, and a waiver of the condition of the policy requiring it to be in writing and indorsed thereon, and the defendant is estopped by the acts of its agent. (*Pechner* v. *Phœnix Ins. Co.*, 6 Lans., 411, 417; affirmed, 65 N. Y., 195; *Van Schaick* v. *Niagara Ins. Co.*, 68 id., 434; *Shearman* v. *Niagara Ins. Co.*, 46 id., 526; *Parker* v. *Artic Fire Ins. Co.*, 1 N. Y. Sup. Ct. [T. & C.], 397; affirmed, 59 N. Y., 1; *Phelps* v. *Gebhard Ins. Co.*, 9 Bosw., 404; 6 Lans., 417; affirmed, 65 N. Y., 195; *Pitney* v. *Glens Falls Ins. Co.*, 65 id., 6.) The complaint in this case sets forth all the facts, and is broad enough to cover the parol agreement of defendant's agent, to make it all right, made when the plaintiff called with his mortgage. (*Post* v. *Ætna Ins. Co.*, 43 Barb., 351; 59 N. Y., 171; 44 id., 538; 50 id., 402; 19 id., 305.)

FOLGER, J. This is an action upon a policy of insurance against loss or damage by fire. The policy was, at the start, made to the plaintiff, on his two-story frame dwelling-house; to him as owner of it. It began the risk in 1869, and ended it in 1870. The policy was signed by the president and secretary of the defendant, and was countersigned by "*O. J. Harmon, Agent.*" It was renewed in 1870, for one year; into 1871. The renewal certificate was signed by the president and secretary of the company; it in terms insured the plaintiff and continued in force the policy for one year longer; and had in it this phrase: "Not valid unless counter-

signed by the duly authorized *agent of the company* at Oswego, New York ;" and it was " countersigned at Oswego, the 11th of October, 1870, by *O. J. Harmon, Agent.*" It was renewed in 1871, for one year ; into 1872. A like certificate of renewal, signed and countersigned by the same three officials, was given for that term. In November, 1871, the plaintiff sold and conveyed the premises insured. But in 1872, he applied, in the life-time of it, for a renewal of his policy ; and then the plaintiff told Harmon (the person who had, as agent, as defendant's agent, countersigned the policy, and the two renewal certificates already named), that the premises had been sold, and to whom, and showed to him the mortgage on the premises that had been taken for a part of the purchase money, and paid to Harmon the premium for another renewal. Harmon said to plaintiff that he would " make it all right ;" and gave him another renewal certificate. This certificate was like, in all respects, the two before given, signed and countersigned as those were. Harmon was, as the facts show, the duly authorized agent of the defendant at Oswego, and did all of the business of it there, save to settle losses. He sent to the defendant the premiums that he had received from the plaintiff. It is inferable that he made known to it, when he sent them, that he had received them on renewals of a policy, and of what policy.

The defense against the action is : That the policy contained certain conditions, and that they were broken by the plaintiff : First ; that if the property insured should be sold, the policy should become void ; and that it was sold. Second ; that if the interest of the assured in the property is not truly stated in it, it should become void ; and that the interest of the plaintiff in the property became that of a mortgagee, and was not so stated in the policy, nor in the renewal certificates. Third ; that anything less than a distinct, specific agreement, clearly expressed, and indorsed on the policy, should not be construed as a waiver of any condition therein.

Those conditions do appear in the policy, and it is true

that the relation of the plaintiff did change, as is alleged, and that the change is not noted in, or indorsed in writing on, the policy, or either of the certificates.

But the plaintiff puts in the way of that defence, that the defendant waived those conditions.

Upon the facts in the case, as settled by the verdict; there was a parol waiver, of the conditions rested upon by the defendant; and a parol consent to keep on foot the insurance of the plaintiff, in his new *status* of mortgagee; if Harmon was the agent of the defendant, in the dealing for the last renewal, and not the agent of the plaintiff: (*Fish v. Cottenet*, 44 N. Y., 538; *Shearman v. Niagara Fire Ins. Co.*, 46 id., 526; *Pechner v. Phœnix Ins. Co.*, 65 id., 195; *Van Schoick v. Niagara Fire Ins. Co.*, 68 id., 434; *Bidwell v. No. West Ins. Co.*, 24 id., 302.) That he was the agent of the defendant it would be fatuous to deny; were it not for a clause in the policy, upon which the defendant builds. That clause is in, this wise: That any person other than the assured, who may have procured the insurance to be taken, shall be deemed to be the agent of the assured, and not of the company, under any circumstances whatever, or in any transaction relating to this insurance. That clause we have held to be forceful, in *Rohrbach v. Germania Fire Ins. Co.*, 62 N. Y., 47, and *Alexander v. Same Defendant*, 66 id., 464. We have not held it so, as yet, further than the scope of the facts in those cases. The case in 66 New York hangs upon that in 62 New York. In the latter case, it was held, that as the insured had contracted that the person who procured the insurance should be deemed his agent, he must abide by his agreement; and that though, through fault or mistake, that person had, in the application for a policy, mis-stated to the company the declarations of the assured, whereby there had been wrought an untrue representation, yet that, as he had been agreed upon as the agent of the insured, the insured must suffer for the error or the wrong. That case dealt with matters before the issuing of the policy. It is so, that the clause in the policy is broad,

and takes into the fold of its wording, any circumstances whatever, and any transaction relating to the insurance. In its verbal scope, it has to do with acts as well after, as before and at the time of, the giving out of the policy. But if the insured is to be now bound as having thus contracted, there must be mutuality in the contract. No man can serve two masters. If the procurer of the insurance is to be deemed the agent of the insured, and Harmon is to be deemed such procurer, he may not be taken into the service of the insurer as its agent also ; or if he is so taken, the insurer must be bound by his acts and words, when he stands in its place, and moves and speaks as one having authority from it ; and *pro hac vice*, at least, he does then rightfully put off his agency for the insured, and put on that for the insurer. Hence it was that in *Sprague* v. *Holland Purchase Ins. Co.*, 69 N. Y. 128, we held, that the same clause, in the policy there put out by that defendant, did not make the insured the principal. In that policy the insurer had, besides the clause just named, put the condition hostile to it that the application must be made out by an authorized agent of the insurer ; and we held that the latter swallowed down the former. In the case in hand, the defendant has declared, over the hands of its president and secretary, that a renewal certificate from it will not be valid, unless countersigned by the duly authorized agent of the company at Oswego, New York. It had before sent two such certificates to Harmon, which he had countersigned as such agent, and delivered to the plaintiff. The plaintiff had paid to him the premiums for those renewals, and he had sent them to the defendant. The defendant treated these two certificates as valid, because countersigned by Harmon. Thereby it asserted that Harmon was its duly authorized agent. It held him up to the plaintiff as such. It knew, then, that those certificates had been put out and taken as valid ; and it must have known that it was so, because Harmon thought, and the plaintiff thought, and that both had reason from the conduct of the defendant to think, that Harmon was the duly authorized

agent of the defendant. It is too late; after letting those two go out as valid, and the third like certificate has been issued and premium paid; for it to say, that Harmon is not the agent of the defendant therein, and that he is the agent of the plaintiff. The defendant must have some living, sentient touch, of those doing business with it; and when it reposes confidence in the actor therein, and gives him discretionary power to bind and loose, it is idle to say that he is not its agent thereto. The law is too severe to brook such an absurdity. Nor will it hold the plaintiff so strictly to the contract he made, as to permit the defendant to ignore it and take his agent as its agent, and yet make him suffer for all the shortcomings of that person while acting between them, and while under authority from the defendant to act for it. Should it be granted, that Harmon was the agent of the plaintiff; even then comes in the rule, that one employing the agent of another, can not take advantage from the acts and omissions of that agent to the harm of his principal. It is a rule, that if one principal to a contract deal surreptitiously with the agent of the other principal, it is a fraud upon the other principal. The defrauded one, if he comes in time, is entitled at his option to have the contract rescinded; or if he elects not to have it rescinded, to have such other adequate relief as the court may think right to give him. (*P. and S. P. Tel. Co.* v. *Ind. Rub., Gut. Perch. and Tel. W. Co.*, 10 Chy. App. Cas., 526.) The principle, should be applied in the case in hand, to the aid of Whited.

The case, then, is that of the holder of a policy asking for a renewal of it, and making known to the agent of the insurer the facts which have made, or will make, a breach of some of the conditions in it, and thereupon receiving from that agent a written renewal certificate, after payment and receipt of the premium, and having from him a promise that he would " make it all right." The powers of the agent were such, as that the transaction with him was the same as if done with the defendant; it is bound as fully as if it were so.

There was thus, a perfect waiver of those conditions of the policy; and it remained a valid contract for another term. When the loss insured against happened, the defendant became liable to pay, and has shown no real defense against the action.

The motions for a dismissal of the complaint, the exceptions to rulings, the exceptions to refusals to charge, raise no question not taken into the foregoing discussion.

The exceptions to the rejections of questions to a witness are not tenable. The questions were leading, or called for a conclusion, and not for facts. The testimony sought for was not refused; a proper form of inquiry for it was required.

The judgment should be affirmed.

All concur.

Judgment affirmed.