JACOB MILLER, Appellant, *v.* THE PHŒNIX MUTUAL LIFE INSURANCE COMPANY, Respondent.

In an action upon a policy of life insurance the defense was a breach of warranty. The alleged breach was that an answer in the application to a question as to the age of the insured, was untrue. It appeared that the answer was written in by a general agent of the defendant; that the insured was a German, understanding the English language very imperfectly; that when asked his age he answered that he did not know, and when assured that it was necessary to be known he repeated his former statement; that the agent made some computation or estimate and entered his conclusion in the application, and that this was not read over to the insured after the answers were written in. No fraud was alleged or found. *Held*, that an estoppel *in pais* was fairly established which precluded defendant from setting up the falsity of the answer in avoidance of the policy.

(Argued October 17, 1887; decided November 29, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 21, 1885, which affirmed a judgment in favor of defendant entered upon the report of a referee.

This action was brought to have a policy of life insurance, issued by defendant and which it claimed to be void, declared existing and in force.

*Isaac D. Garfield* for appellant. Under the circumstances, the answer as to the age of the insured was the answer of the agent, and was consequently of the Insurance Company itself. (*Am. Ins. Co.* v. *Mahone,* 21 Wall. 152; *Ins. Co.* v. *Wilkinson,* 13 id. 222; *Plant* v. *Catt. Ins. Co.,* 18 N. Y. 392; *Rowley* v. *Emp. Ins. Co.,* 36 id. 550; *W. Sav'gs B'k* v. *C. O. Ins. Co.,* 31 Conn. 526; *Coombs* v. *H. S. & Ins. Co.,* 43 Mo. 148; 2 Am. Law Cas. 917; *Flynn* v. *Eq. L. Ins Co.,* 15 Hun, 521; 78 N. Y. 557, 568, 578; *Baker* v. *Home L. Ins. Co.,* 64 id. 648; *McArthur* v. *Globe L. Ins. Co.,* 14 Hun, 348; *Higgins* v. *Phœnix L. Ins. Co.,* 10 id. 459; *Taylor* v. *Mut. Ben. L. Ins. Co.,* id. 53; *Holmes* v. *Drew,* 16 id. 491; *Centell* v. *Oswego Co. F. Ins. Co.,* 16 id. 516; *Mayham* v.

*Hartford Ins. Co.*, 24 id. 58 ; 74 N. Y. 7 ; *Grattan v. Met. L. Ins. Co.*, 80 id. 282 ; Bliss on L. Ins. 109.)

*D. O'Brien* for respondent. The validity of the policy depended upon the truth of the statements contained in the application, and the materiality of each and every answer made by Dreher to the questions contained in the application was agreed to by the parties, and the truth of the answers was warranted by the assured and the plaintiff. (*Armour v. Trans. Ins. Co.*, 90 N. Y. 450, 455, 456 ; *Ripley v. Ætna F. Ins. Co.*, 30 id. 136, 162, 163 ; *Graham v. Fire Ins. Co.*, 87 id. 69, 74 ; *Dwight v. Ger. Ins. Co.*, 103 id. 341 ; *Foot v. Ætna Ins. Co.*, 61 id. 577 ; *Cushman v. U. S. Ins. Co.*, 63 id. 404 ; *Barteau v. Phœnix Mut. Ins. Co.*, 67 id. 595 ; *Claim against Eq. L. Ass. Soc.*, 67 id. 500 ; *Redington v. Ætna Ins. Co.*, 77 id. 564 ; *Ritzler v. World Ins. Co.*, 10 J. & S. 409 ; *Fitch v. Am. Pop. L. Ins. Co.*, 59 N. Y. 557 ; *Higby v. Guard. Mut. L. Ins. Co.*, 53 id. 603 ; Angell on Ins., § 307 ; *Fort v. Ætna Ins. Co.*, 61 N. Y. 571 ; *Smith v. Ætna Ins. Co.*, 49 id. 211 ; *Baker v. U. Mut. Ins. Co.*, 43 id. 283 ; *Nat. L. Ins. Co. v. Minch*, 53 id. 144 ; *Ins. Co. v. Wilkinson*, 13 Wall. 222 ; May on Ins., § 175.) A party signing a paper which is the basis, or in the nature of a contract, whose signature is not the result of fraud or mutual mistake, is conclusively bound thereby. His failure to read the paper or to have it read is inexcusable negligence. (*Breeze v. U. S. Tel. Co.*, 48 N. Y. 132 ; *Kirtland v. Dinsmore*, 62 id. 171 ; *Woodruff v. Shepard*, 9 Hun, 322 ; *Fowler v. Trull*, 1 id. 409 ; *Ryan v. World Mut. L. Ins. Co.*, 41 Conn. 166 ; *Gelger v. Dinsmore*, 51 N. Y. 166 ; *Baker v. Home L. Ins. Co.*, 2 Hun, 402 ; 64 N. Y. 648 ; *Dwight v. Ger. Ins. Co.*, 103 id. 347 ; *Higgins v. Phœnix Mut. L. Ins. Co.*, 74 id. 7 ; *Grattan v. Met. L. Ins. Co.*, 80 id. 292 ; *Taylor v. Nat. Ben. L. Ins. Co.*, 14 id. 348 ; *Ryan v. World Mutual Life Ins. Co.*, 41 Conn. 168 ; *Mowry v. Rosendale*, 74 N. Y. 360 ; *Cohen v. Cont. Ins. Co.*, 69 id. 300.) In order to establish a successful defense it was only necessary for the defendant to show that

the representations contained in the application and specifically referred to in the answer were untrue. (*Swift* v. *Mass. L. Ins. Co.*, 63 N. Y. 186; *Dilleber* v. *Home L. Ins. Co.*, 69 id. 256; *Ætna L. Ins. Co.* v. *Rance*, 91 U. S. 510; *Foot* v. *Ætna Ins. Co.*, 61 N. Y. 571; *Ritzler* v. *World L. Ins. Co.*, 10 J. & S. 410; *Brennan* v. *Security L. Ins. Co.*, 4 Daly, 296; *Edington* v. *Ætna L. Ins. Co.*, 77 N. Y. 564.)

Ruger, Ch. J. The application for the policy in suit was signed by one Michael Dreher; was dated April 17, 1871, and contained questions to be answered by the applicant for insurance, which were therein declared to form the basis of the contract. Among others was the following: "When and where was the party whose life is to be insured born?" and it purported to be answered as follows: "At Ruttlingen, Germany; year, 1807; month, October; day, thirty-first; age at nearest birthday, sixty-four." The application further stated: "It is hereby declared that the above are full and true answers to the foregoing questions, and it is acknowledged and agreed by the undersigned that this application shall form the basis of the contract of insurance * * * and that any untrue or fraudulent answers, any suppression of facts * * * shall and will render the policy null and void, and forfeit all payments made thereon."

A life policy for $10,000, payable to the plaintiff, was issued by the defendant upon this application and contained, among other provisions, the following: "This policy is issued and accepted by the assured upon the following express conditions and agreements * * * if any of the declarations or statements made in the application for this policy, upon the faith of which this policy is issued, shall be found in any respect untrue * * * then and in every such case this policy shall be null and void. * * * This policy to take effect when countersigned by Johnson Miller, agent at Syracuse, N. Y." It was countersigned by Miller and delivered to the plaintiff.

The policy acknowledged the receipt of the first premium

of $938.50, and provided for the payment of similar premiums in every year thereafter during the life of Dreher. It was proved that the plaintiff paid the premiums for six or seven years, when he was notified by the defendant, that it would not receive any further premiums, and that it repudiated the contract upon the ground that the insured had made false representations in regard to his age, in the application for insurance. The plaintiff duly tendered the annual premiums for a year or two after this time, but the defendant refused to accept them, asserting that the contract was void. Whereupon the plaintiff commenced this action to obtain an adjudication as to whether the policy was a valid and existing contract, enforceable against the defendant, or void by reason of the alleged misrepresentation as to age.

Aside from the claim that the plaintiff had an adequate remedy at law and could not, therefore, maintain an equitable action, the sole defense set up in the answer was the allegation that Dreher's representation as to his age was false and untrue and constituted both a breach of warranty and a false representation. The referee found upon evidence, sufficient as we think to support his finding, that Dreher was, at the time of making the application, about seventy-three years old, being born in the year 1798; but he did not find that he, in fact, knew his age, or that the misrepresentations were fraudulently or intentionally made. He also found, as a conclusion of law, "That by reason of the untrue answers made by Michael Dreher to the questions in the application to the defendant for insurance, as to when he was born, and whether any application had been made to this, or any other company for assurance on his life, the policy was void and inoperative, and the defendant was authorized so to regard it."

The evidence did not show that Dreher in fact knew his age, or that any representations in regard thereto were fraudulently or intentionally made. The fact that Dreher made untrue representations in regard to previous insurance in another company was not set up in the answer, and was not, therefore, available to the defendant as a defense to this action.

The evidence in support thereof was duly objected to by the plaintiff, and was not only of doubtful competency to prove the fact, but was inadmissible under the pleadings. So far, therefore, as the finding of law is based upon this fact it must fall since it was unwarranted by the circumstances of the case, and, therefore, the defendant must rest wholly upon the alleged misstatement of Dreher's age.

The referee seems to have assumed that the written instrument, was conclusive evidence of the agreement of the parties, and could not be subverted by parol evidence, showing the method by which Dreher's signature to the application was obtained, and the circumstances attending its execution. It is undoubtedly the general rule that a written contract signed by a party thereto and containing the terms and conditions of an agreement, is conclusive upon him, and that he will not be permitted to show, in avoidance thereof, that other stipulations were made at the time of, or before, its execution, which would vary, alter, or contradict the provisions of the written instrument. Neither is it generally a defense to an action founded upon such agreement, that the party did not read the contract, or was ignorant of its contents, or that it was prepared by the party claiming the benefit of it, unless he also shows that his signature thereto was obtained by misrepresentation or fraud.

In the case, however, of life insurance policies it is the settled doctrine of the modern cases, that where the application for insurance is drawn up by the agent of the insurer, and the answers to the interrogations contained therein, are inserted by him at his own suggestion, without fraud or collusion on the part of the assured, the insurer is estopped from controverting the truth of such statements, or the interpretation which it has given to the answers actually made by the applicant, in an action upon the instrument between the parties thereto. (*Plumb* v. *Cattaraugas Ins. Co.*, 18 N. Y. 392; *Rowley* v. *Empire Ins. Co.*, 36 id. 550; *Baker* v. *Home Life Ins. Co.*, 64 id. 648.) It is claimed by the plaintiff that this case comes within the rule above stated, and that the question in the case is, whether the undisputed evidence shows that Dreher did or

did not in fact make any representations as to his age, but that the insertion of such statements in the application, was the sole act of the defendant's agent, he knowing that Dreher refused to make any statement in reference thereto.

With respect to the manner in which Dreher's signature to the application was obtained, the referee has made a peculiar but somewhat restricted finding, which, although omitting some facts established by the evidence, goes far to sustain the claim made by the plaintiff, that the method adopted by the agent in procuring the application estops the defendant from setting up the falsity of such answers, as a breach of the contract. That finding is as follows: " At the time when said application was made on the 17th day of April, 1871, Michael Dreher understood the English language when spoken, and spoke it himself to a very limited extent, and quite imperfectly. There were present on that occasion Johnson Miller, the agent of the defendant, the plaintiff, who understood and spoke both the German and English languages, and Michael Dreher. The questions contained in the application were propounded to Dreher by Johnson Miller and the answers were written by him. Questions which were not understood by Dreher were explained to him by the plaintiff in the German language. In answer to the question, 'Where and when was the party whose life is to be insured, born?' Dreher stated the place of his birth as written in the application. The agent then said, 'Mr. Dreher, how old are you?' Dreher replied that he did not know his age. The agent then said, 'Mr. Dreher, we must know your age; I cannot insure you without knowing your age; it is very important to know your age.' Dreher then gave data from which, if true, his age could be arithmetically computed. The agent Miller carefully and honestly, and, as he believed, correctly, made such computation, announced the result and entered it as it appears written in the application." This finding was duly excepted to by the plaintiff, and, in some material respects, does not appear to be supported by the evidence, and, in others, falls short of exhibiting the plain meaning and effect of the evidence produced by the plaintiff.

No proof whatever is found in the case showing that Dreher gave any data from which, if true, his age could be arithmetically computed; neither did he in any way assent to any conclusion reached by the agent; nor is there any evidence from which the referee was authorized to find that Dreher understood the statements made to him by the agent; or that such questions as were not understood by Dreher, were explained to him by the plaintiff in the German language.

The findings, when carefully analyzed, amount only to a statement that Dreher, a foreigner substantially unacquainted with the English language, signed an application, written in that language by the defendant's agent and compiled by him from information claimed to have been acquired from Dreher by means of communications in English, in which, after Dreher had failed to give the date of his birth and had expressly stated that he did not know his age, the agent inserted the statement that he was born in the year 1807. It seems, therefore, that the referee has held Dreher accountable for the answers inserted by the agent in the application, upon the theory that because he gave some data from which the agent inferred his ability to compute the age correctly, supplementing this inference with the opinion that he computed it correctly and entered the result, as he found it, in the application, that he was, therefore, authorized by Dreher to enter the year 1807, as the date of Dreher's birth, in the application.

This conclusion seems to be based wholly upon the opinion of the witness and cannot be supported. An examination of the evidence given on the trial, however, removes all doubt as to who was responsible for the answers in question. That evidence, so far as our conclusions are based upon it, was given mainly by the agent of the defendant, and was wholly undisputed. He testifies that he solicited the plaintiff for insurance on the life of Dreher, his debtor, and persuaded him to go with him to Dreher's residence, a distance of twelve miles from Syracuse, to obtain the application for such insurance; that he took blank forms for the application with him and filled them up according to the best information he could

get from Dreher; that Dreher was a German and understood the English language very imperfectly, and that he had to put most of the questions to him, not in the way they were written, but in a manner that he thought he could understand. He further testified that Dreher did not state to him his age, but replied to all questions relating thereto; that he did not know it. The agent expostulated with him and told him that they must know his age, but this produced no effect upon Dreher, except a repetition of the statement that he did not know his age. The witness then said that he obtained some data from Dreher, but what they were he did not recollect, and from them he computed his age and put it down. He said further; " I was in the habit in my business of estimating the ages of people by their appearance, I could guess very correctly, * * * he made no statement as to what his age was than as I have related. I did not read the application over to him after I had written it. * * * Of course there was an estimate about his age but how it was got at I could not tell, it was computed and figured from what he gave."

This witness was apparently frank and impartial in his statements, and no reason exists for claiming that he had any bias or prejudice, or for doubting the truth of his testimony. Even assuming that Dreher understood all that was said to him by the agent, and this would be a very violent assumption under the circumstances, there is not only no evidence that he gave his age, or the date of his birth to the agent; but the evidence is positive that he uniformly refused to give it. To hold under such circumstances, that he covenanted that he was born in the year 1807 and was then sixty-four years of age, would be to reverse the meaning and effect of his actual representation, and hold that a statement, for which the agent alone was responsible, was made by a party who refused to make any whatever.

The most favorable construction for the defendant that can be put upon the evidence is, that Dreher refused to make any representation as to his age, but that the agent, upon what he conceived to be sufficient grounds therefor, estimated his age

and inserted it in the application. There does not seem to be a single fact testified to by the witness, or appearing in the case, which authorized him to fix upon the year 1807 as the date of Dreher's birth, or from which the referee could legally find that Dreher suggested any fact, which warranted the conclusion inserted by the agent in the application. The only material representation in regard to age, made on that occasion was that, clearly inferrible from the acts and conduct of the agent, and that was, that he had truly inserted in the application the information communicated to him by Dreher, and that such information would enable the plaintiff to obtain a valid policy of insurance from the defendant.

It was also in proof by uncontradicted evidence, that the defendant's agent in fact stated to the plaintiff after the application was made and before the payment of any premium on the policy that "it was all right as the old man had made no positive statement as to his age." We think, under the circumstances that an *estoppel in pais* was fairly established, and that the defendant is precluded from setting up the falsity of the statement with reference to age in avoidance of the policy. The defendant was a foreign corporation and Miller was its general agent at Syracuse, authorized to take applications and countersign and deliver policies and collect premiums from persons insuring their lives in such company. The knowledge of the agent was imputable to the company and he was held out to the public by it, as authorized to determine what constituted a compliance with the conditions of the application, the sufficiency of the answers, and the validity of the policies issued thereon, and as fully representing the company as to all matters within the apparant scope of the authority confided to him.

In this case, after having obtained from Dreher all the information that he could give, and without any supportable claim that he gave such information fraudulently or falsely, the defendant has obtained a decree that the contract of insurance was void upon the ground that Dreher's statements were untrue, when in fact to the knowledge of the defendant he

made no material statements whatsoever on the subject of his age, either true or untrue.   We do not think such a judgment can be sustained.   In was said in *Dilleber* v. *Home Life Insurance Company* (69 N. Y. 256, 260), that "if a question is not answered there is no warranty that there is nothing to answer. And so in the case of partial answer, the warranty cannot be extended beyond the answer.   Fraud may be predicated upon the suppression of the truth, but breach of warranty must be based upon the affirmation of something not true."

As we have before seen no fraud was proved or found, and the defense must rest upon the alleged breach of warranty alone.   The rule applicable to such a case as the present is well settled in this state and was succinctly stated in *Mowry* v. *Rosendale* (74 N. Y. 363), as follows : " The principle that if the statements in the application relied upon as breaches of warranty are inserted by the agent of the insurers without any collusion or fraud upon the part of the insured, the insurer is estopped from setting up their error or falsity as breach of warranty, seems now well settled." (*Baker* v. *Home Life Ins. Co.*, 64 N. Y. 648 ; *Maher* v. *Hibernia Ins. Co.*, 67 N. Y. 283 ; *Rowley* v. *Empire Ins. Co.*, 36 N. Y. 550 ; *Ins. Co.* v. *Wilkinson*, 13 Wall. 222 ; *Ins. Co.* v. *Mahone*, 21 id. 152.)   To these might be added *Grattan* v. *Metropolitan Insurance Company* (80 N. Y. 281, 295), and *Plumb* v. *Cattaraugus Insurance Company* (18 id., 392).

The remarks of MILLER, J., of the Supreme Court of the United States in the case of *Insurance Company* v. *Wilkinson* (*supra*) are so pertinent to the question involved here that a quotation at length is deemed appropriate : " In the case before us a paper is offered in evidence against the plaintiff, containing a representation concerning a matter material to the contract on which the suit is brought, and it is not denied that he signed the instrument and that the representation is untrue.   But the parol testimony makes it clear beyond a question, that this party did not intend to make that representation when he signed the paper, and did not know he was doing so and, in fact, had refused to make any statement on the subject."

After stating that when an application is prepared by the party signing it and the insurance company has acted in reliance upon its truth and issued a policy, the applicant will not be allowed to question the truth of such statement, he proceeds : " If, however, we suppose the party making the insurance to have been an individual and to have been present when the application was signed and soliciting the assured to make the contract of insurance, and that the insurer himself wrote out all these representations and was told by the plaintiff and his wife that they knew nothing at all of this particular subject of inquiry and that they refused to make any statement about it, and yet knowing all this wrote the representation to suit himself, it is equally clear that for the insurer to insist that the policy is void because it contains this statement, would be an act of bad faith and of the grossest injustice and dishonesty. And the reason for this is that the representation was not the statement of the plaintiff, and that the defendant knew it was not when he made the contract, and that it was made by the defendant who procured the plaintiff's signature thereto. It is in precisely such cases as this that courts of law in modern times have introduced the doctrine of equitable estoppels, or as it is sometimes called *estoppel in pais.*"

This case was followed by the same court in *Insurance Company* v. *Mahone (supra)* where testimony was admitted, under objection, to prove that the answers in an application which it was admitted was signed by the assured, were not correctly entered by the agent. The court held it competent, saying : " The testimony was admitted not to contradict the written warranty, but to show that it was not the warranty of Dillard, though signed by him, prepared as it was by the company's agent, and the answers having been made by the agent the proposals, both questions and answers, must be regarded as the act of the company which they cannot be permitted to set up as a warranty by the assured." This was held to be so, although the application and answers were subsequently read over to the assured and he then signed it. We think the evidence in this case brings it clearly within the principle laid

down in the cases cited and that there should be a new trial of the same.

The judgments of the courts below should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.