KABOK *v.* PHŒNIX MUT. LIFE INS. CO.

*(Supreme Court, General Term, First Department.* January 28, 1889.)

1. APPEAL—REVIEW—HARMLESS ERROR.
   A record of baptism contained a statement of the time of birth of the person referred to in it, but none of the day on which the baptism itself took place. *Held* that, as such registry can only be relied on as evidence of the date of the baptism, and not of the date of the birth, its admission was harmless error.

2. INSURANCE—APPLICATION—MISREPRESENTATIONS AS TO AGE.
   An application for insurance provided that the application should form the basis of the contract, and the answers and statements should be taken to be strict warranties, and the policy provided that in case of untrue statements in the application the company should be liable only "for the amount of the paid-up insurance to which the owner of this policy would at the date of the death of the said insured be entitled, according to the provisions hereinafter set forth." By the succeeding provisions neither the insured nor the beneficiary was entitled to a paid-up policy at the time of insured's death. *Held*, that the effect of warranting the age of the assured to be three years less than his actual age rendered the policy inoperative.

3. SAME—MISTAKE OF AGENT.
   The application provided that "it is also agreed and warranted that this application has been made, prepared, and written by the applicant, or by his own proper agent, and that the assurer is not to be taken to be responsible for its preparation, or for anything contained therein or omitted therefrom." *Held*, that the acts of the insurance agent in filling out the application were those of the applicant; and the company was not liable for the misconduct or misapprehension of the agent, through which the answers were incorrectly made a part of the application.

Appeal from circuit court, New York county.

Action by Katharine Kabok against the Phœnix Mutual Life Insurance Company. Judgment was entered dismissing the complaint, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and DANIELS, JJ.

*Ferdinand Kurzman,* for appellant. *Thomas Thacher* and *Philip G. Bartlett,* for respondent.

DANIELS, J. The policy of life insurance on which this action has proceeded was issued by the defendant on the 21st of May, 1886, insuring the life of Anton Kabok in the amount of $5,000. The insurance was effected for the benefit of his wife, the plaintiff in this action. He died on the 12th of August, 1886, and after supplying to the defendant the necessary proofs of death, and the expiration of the time limited for payment, and the defendant's refusal to pay, this action was brought for the amount mentioned in the policy. It was resisted because of an untruthful representation and warranty of the age of the assured. A written application was made for the

policy, subscribed both by the assured and the plaintiff; and in that application the date of his birth was stated to be the 14th of June, 1856, and his age 29 years.   By way of a defense to the action it was alleged that this was not a correct statement of the time of his birth, or of his age, but that he was born on the 10th of June, 1853, and was 32 years of age at his birthday preceding the making of the application.   To sustain this defense the deposition of a witness was allowed to be read in evidence, which was taken at Szegedin, in Hungary.   The witness whose evidence was obtained in this manner was a priest at that place, having charge of the baptismal register of the Roman Catholic Church situated there; and he produced and annexed to his deposition a copy of what is stated to be the record of the baptism of the deceased. This witness, in the course of his examination, testified generally that by the law, as well as by the custom of the kingdom of Hungary, this registry was required to be made.   Objections were presented to these answers, which were overruled, and exceptions taken to the decisions allowing them to be read; but it is not necessary to determine whether the exceptions were correctly taken or not, for the record itself, of the truth of which the witness had no actual knowledge, does not appear to sustain the defense.   It contains a statement of the time of birth of the person referred to in it, but none of the day on which the baptism itself took place; and the extent to which, under the rule applicable to this registry, it could be relied upon as evidence was the time or date of the baptism.   1 Greenl. Ev. (7th Ed.) § 493; *Blackburn* v. *Crawfords*, 3 Wall. 175, 188, 189.   As to the date of the birth of the assured the witness had no knowledge.   Neither did the registry contain any indication of the source or information from which the reference to this fact was made.   It was probably derived in some unexplained way from information either obtained from the parents or the god-parents of the person baptised.   But what may have been considered, in making the registry, to have been the effect of what was said, appears under these authorities not to be admissible as proof.   Besides that, the name of the person baptised is given as Anton Medardus, and the names of the parents, Stephen and Theresia Kabok, without any further additions identifying the person baptised as the individual on whose life this policy was issued.   The deposition accordingly amounted to but little, if anything, in the way of proof upon the trial of the action; and, whether the rulings made concerning the admissibility of the answers were correct or not, no serious harm was done to the plaintiff's case by allowing them to be read.   But the fact did appear by the statement of the plaintiff herself, which was verified on the 24th of August, 1886, and made a part of the proof of death, that the person whose life was insured was born on the 10th of June, 1853, and no denial or explanation avoiding the effect of this admission was made upon the trial; and that did establish the fact to be that the statement contained in the application concerning the time of birth and the age of this person was untruthfully given; and this had the effect of avoiding the policy, for in the last paragraph of the application it was agreed "that this application shall form the basis of the contract of insurance herein applied for, and that the same shall form part of said contract as fully as if therein recited, and that all answers and statements contained in his application are and shall be taken to be strict warranties."

The policy which was issued upon the application also contained the further condition or agreement that "in case of any untrue statements or suppressions of fact in the application for this policy this company shall only be liable under this policy for the amount of the paid-up insurance to which the owner of this policy would at the date of the death of the said insured be entitled, according to the provisions hereinafter set forth."   By those succeeding provisions in this manner referred to neither the person whose life was insured nor the plaintiff was entitled to a paid-up policy at the time of his death, and the effect of warranting the age of the assured, as that was in this

manner done, to be three years less than his actual age, was under this clause, as well as the last paragraph of the application, to render the policy inoperative. The application for the policy was taken by a person who was in the employment of the defendant's insurance agency in the city of Chicago; and evidence was offered, from which, if it had been received, the fact might have been found, that the untruthful statement concerning the age of the person whose life was insured arose out of the mistake or misstatement of this agent. He filled out the application before it was subscribed either by the person whose life was insured or the plaintiff; and to maintain the action it was asserted that the entry of the answers upon the application misstating the age of Anton Kabok arose out of the fault or misconduct of this agent. But the court at the trial excluded this evidence under the same paragraph of the application, wherein "it is also agreed and warranted that this application has been made, prepared, and written by the applicant, or by his own proper agent, and that the assurer is not to be taken to be responsible for its preparation, or for anything contained therein, or omitted therefrom; and that in case of any untrue answers or statements herein, or suppression of any fact, the company shall be liable only for the amount of the paid-up insurance, to which the policy by its terms may be entitled." The force and effect of this clause was to render the acts of the agent in filling out the application those of the applicant and of his wife for this policy of insurance, and, being their acts, the defendant was not responsible for the misconduct or misapprehension of the agent, through which these answers were incorrectly made a part of the application. But they were by this clause made the acts, representations, and warranties of the applicants for the insurance; and for the consequence of their inaccuracy they, and not the company, are the persons who were responsible. If the agent inserted answers in the application which he was not authorized to make a part of it, it is to him, and not to the defendant, that the plaintiff is entitled to look for indemnity; for, as the agent for herself and her husband, which he was declared to be by this part of the application, he was bound to exercise reasonable care, and to use a reasonable degree of attention in performing the service which in this manner he was employed to render; and if he failed to do that, either negligently or fraudulently, under well-settled principles of law he may be made liable for the consequences of that failure. But as long as he was, by the application, which was made a part of the insurance and adopted by the policy, the agent of the applicants for the insurance, they, and not the defendant in this controversy, must be charged with the responsibility of his acts. It has been urged, inasmuch as he was the agent of the company itself, that this warranty or agreement contained in the application may be avoided, and the case of *Insurance Co.* v. *Wilkinson,* 13 Wall. 222, has been brought to the attention of the court as sustaining this position. But there neither the application nor the policy contained any provision or agreement that the agent filling out the application should in doing so be held to be the agent of the applicants for the insurance, and not of the company issuing the policy; and that fact so far distinguishes this case from the one now before the court as to deprive this authority of the effect it has been urged should be given to it by way of sustaining the action. The case, instead of being an authority for the plaintiff, in reality sustains the defense made by the company; for in the course of the opinion it was said: "If the writing containing this representation had been prepared and signed by the plaintiff in his application for a policy of insurance on the life of his wife, and if the representation complained of had been inserted by himself, or by some one who was his agent alone in the matter, and forwarded to the principal office of the defendant corporation, and acted upon as true by the officers of the company, it is easy to see that justice would authorize them to hold him to the truth of the statement; and that, as they had no part in the mistake which he made, or in the making of the in-

strument, which did not truly represent what he intended, he should not, after the event, be permitted to show his own mistake or carelessness, to the prejudice of the corporation." Id. 232. And it was further added: "It is not to be denied that the application, logically considered, is the work of the assured; and, if left to himself, or to such assistance as he might select, the person so selected would be his agent, and he alone would be responsible." Id. 234. And *Insurance Co.* v. *Mahone*, 21 Wall. 152, in neither respect changes this decision. The case of *Miller* v. *Insurance Co.*, 107 N. Y. 292, 14 N. E. Rep. 271, is for the like reason of no practical advantage to the plaintiff, for there neither the policy nor the application contained any agreement, as this application does, shifting the responsibility for the service of the agent in filling out the application from the company upon the applicants for the insurance. In *Rohrbach* v. *Insurance Co.*, 62 N. Y. 47, the policy itself contained a stipulation or agreement similar to that which has already been mentioned. And it was held by the court, inasmuch as the agent in the service rendered by him was declared to be the agent of the assured, and not of the company, and the breach of warranty was caused by his acts, that this defeated the right of the assured to recover afterwards upon the policy. The same conclusion was reached and sustained under quite similar circumstances in *Grace* v. *Insurance Co.*, 109 U. S. 278, 3 Sup. Ct. Rep. 207, and it was again followed in *Insurance Co.* v. *Fletcher*, 117 U. S. 519, 6 Sup. Ct. Rep. 837; and these authorities appear to be decisive of this action, for it cannot be important whether the agreement is contained in the application which is adopted as the basis of the insurance or embodied in the policy itself. No substantial distinction can be created on this circumstance between these cases and the case of the plaintiff, in which the agreement is expressly made a part of the application, and in that manner the basis of the policy. In each class of cases a breach of warranty is found to exist. And as long as the law has placed the responsibility for it upon the assured, under the peculiar language employed as a part of the agreement, that will, under the law as it is in this manner sustained, prevent a recovery of the money mentioned in the policy. The most that can be done is the recovery of the premium paid for the policy; and that is sanctioned by the decision last referred to. If after a discovery of the facts the insurer elected to retain the premium, then a ratification of the contract as a binding and subsisting agreement might be inferred from that circumstance. But this defendant made no such election, but, on the contrary, offered to repay the only premium which had been received for this policy. The judgment appears to be supported by the law, and it should be affirmed.

All concur.