WILLIAM BUSHAW, Respondent, v. WOMAN'S MUTUAL INSURANCE AND ACCIDENT COMPANY OF AMERICA, Appellant.

*Supreme Court, Third Department, General Term, December 28, 1889.*

1. *Insurance. Agent.*—A provision in the contract of insurance that "the agent securing the application shall be deemed the agent of the applicant only," will be construed not to apply to a person whom the company has authorized to be its general agent.
2. *Same.*—Under such clause, the company is estopped from denying the statement written by its agent with full knowledge of the facts, or giving them a different interpretation from that adopted.
3. *Same. Construction.*—In case there is inconsistency between the terms of them application and the terms of the policy, or in the terms of the policy itself, that construction must be adopted which will give the contract force and not defeat its effect as the company intended the insured should understand it.
4. *Same. Proof of injury.*—The receipt of an informal statement of the injury and disability, without any objection to the form or substance or any further demand, is sure evidence that the proof was satisfactory.
5. *Same. Indemnity.* The company cannot, after the injury, reduce the indemnity to a lower rate of payment.

Appeal from a judgment rendered for the plaintiff upon a verdict at the St. Lawrence circuit.

*John A. Kamping*, for appellant.

*C. A. Kellogg*, for respondent.

LANDON, J.—The insurance was effected through a Mr. Fowler who was agent of the defendant. The question was submitted to the jury whether he was a special or general agent, and we may assume from their verdict that they found he was a general agent.

Fowler had received a letter of agency. The original was not produced, but a copy of a blank form was. It recited his powers as follows: " Authority is hereby given to C. L. Fowler to represent the Woman's Insurance & Accident Company of America as———agent in, etc., for the purpose of procuring members, and to receive the admission fees for memberships."

Fowler testified that the blank preceding the word "agent" was filled with the word " general," and the testimony on the part of the defendant tended to show that it was filled with the word "special." As in either case the particular duty confided to Fowler was to procure members, and in that duty to represent the defendant, so long as he did nothing further than to represent the defendant in the performance of that duty, it does not appear to be material whether he is called a special or general agent as to it.

We may regard him as general agent for the purpose of procuring members, except as the limitations upon his authority are expressed in the contract. The application for insurance was filled out by Fowler. It is a part of the contract and the truth of its representations is warranted by the plaintiff. The application states that the plaintiff's occupation is fully described as follows : " Jobber and contractor," and that "I have never had any bodily or mental infirmity." At the time the application was made out the plaintiff stated to Fowler that he was in the habit of taking jobs and contracts in the woods and was also a farm hand, and that some months previously he had had both legs broken, but had fully recovered. Thereupon Fowler inserted the answers as above given. This was done in good faith, and if there is lack of fullness in the statement of the plaintiff's occupation or truthfulness as to his past bodily infirmity, both are attributable to the agent's mistake. It was a mistake performed while representing the defendant in procuring plaintiff to become a member. There is a provision in the defendant's constitution, which is also part of the contract, that

" the agent securing the application shall be deemed the agent of the applicant only."

These words must be construed as applicable to such agent as could be the agent of the applicants, such as insurance broker or soliciting agent, who does not in the act of solicitation represent the company, and who owes the company no duties inconsistent with his dealing at arm's length against it in his service for the applicant. We may not hold that the defendant's agent was at the same time plaintiff's agent in respect to a matter in which their interests were hostile. Whited *v.* Germania Ins. Co., 76 N. Y. 420. We must construe the words "the agent" in the clause in question to mean some agent other than the defendant's. As the plaintiff had no agent, the clause does not affect him. Cases cited in opposition are distinguishable, because the language employed in them is consistent with the employment by the applicant of an agent other than the defendant's, and the duties of the agent actually employed do not make his acceptance of this temporary agency incompatible with his duties to the insurance company ; or the clause makes the applicant wholly responsible for his representations irrespective of the person by whom written. Rohrbach v. Germania Fire Ins. Co., 62 N. Y. 50; Kabok *v.* Phœnix Mut. Life Ins. Co., 4 N. Y. Sup. 718 ; 21 N. Y. State Rep. 203, and cases there cited.

· If " the agent " in the clause in question means the defendant's agent, the defendant cannot thus claim exemption from responsibility for his acts. Sprague v. Holland Purchase Ins. Co., 69 N. Y. 129.

The application having been drawn by the agent of the defendant in the performance of the duty committed to him by the defendant, and the answers therein having been framed by him with full knowledge of the facts, and without any fraud or collusion on the part of the applicant, the defendant is estopped from denying them, or giving them a different interpretation from that adopted by the agent. Miller

v. Phœnix Mut. Ins. Co., 107 N. Y. 296; Bentley v. Oswego Mut. Benefit Ass'n, 23 N. Y. State Rep. 470, and cases there cited.

The plaintiff, at the time he was injured, had not paid the first assessment of two dollars, specified in paragraph 2 of the policy, as set forth below. The defendant urges that the payment of this assessment was a condition precedent to its liability.

The court left it to the jury to decide whether the payment of the two dollars had not been waived by the agent of the company. The court instructed the jury that if the agent was a general agent, and did not believe that the contract required the payment of the two dollars, and therefore waived it, it would bind the company. This was correct, but no waiver was necessary. The terms of the policy were complied with.

The plaintiff paid Fowler five dollars when the policy was delivered to him. The policy recites that " In consideration of the application for membership and of the warranties and agreements, * * * and of the sum of five dollars, and of the payments to be made as hereinafter specified (the defendant) does, upon the delivery hereof, admit to membership William Bushaw, by occupation a jobber and contractor, * * * classified in the second division, subject to the obligations thereunder, and entitled to the benefits herein stated." Then follows the promise of indemnity to plaintiff in case of his total disability to prosecute the calling under which he is classified, upon conditions which the plaintiff " accepts and agrees to perform," as follows :

" 1. The sum of five dollars shall be paid on delivery hereof, and thereafter the sum of two dollars annually, on or before the 13th day of July in every year."

" 2. The further sum of two dollars assessment shall be paid, and also within thirty days after each notification that an assessment has been ordered or such amount become payable under the rules of said company." * * * " This

certificate is not binding upon this company until the delivery thereof to the member, and the first payments above mentioned due thereunder shall have been received in cash by the company, or by some agent authorized to receive the same."

The application contains the statement, signed by plaintiff, that he agrees that he will be entitled to no benefits from the association " until after the receipt and acceptance of this application and the membership fee and the amount of one assessment by the secretary or treasurer in New York."

Paragraph 2, above quoted, is obscure, and as the defendant chose the words, and imposed them upon the plaintiff, the plaintiff is entitled to the most favorable construction of them. If the contention of the defendant is correct, the plaintiff, although admitted to membership and holding the defendant's promise of indemnity, is not entitled to any indemnity. The assessment had not been ordered, had not been demanded, and the defendant's agent told the plaintiff that it would not be payable until about the middle of the following month, and that he would receive notice of it through the postoffice.

The two dollars were not payable on delivery of the policy to plaintiff.

Paragraph 1 recites that " five dollars shall be paid on delivery hereof."

Paragraph 2 recites : " The further sum of two dollars' assessment shall be paid." When ? Not on delivery, as in case of the five dollars ; not to the agent, but to the office in New York, recites the application ; five dollars on the present payment, other payments are " to be made, as hereafter specified," is the language of the policy, first above quoted. Paragraph 2 implies that the assessment of two dollars is to be ordered, notice given to the member, and thirty days thereafter allowed for payment. Both the agent and the plaintiff were fully justified in adopting such a construction. Such a construction would not change the terms

of the policy, and the question remains, was it inoperative as an indemnity to plaintiff because no assessment had been made and paid at the time he was injured? The terms of the application are to that effect; the terms of the policy are not. By the latter, the plaintiff was admitted to membership and entitled to its benefits upon his payment of the sum presently required, and his promise to make future payments as they fell due. His rights accrued when he received and paid for his policy; they were subject to be defeated by his subsequent default, and he made none. If there is inconsistency between the terms of the application and the terms of the policy, or in the terms of the policy, itself, that construction must be adopted which will give the contract force and not defeat its effect as the defendant intended the plaintiff should understand it. The policy was a contract of indemnity from the date of its delivery.

The defendant urges that proofs of the plaintiff's injury and disability were not furnished. The policy calls for "proof satisfactory to the company." It received an informal statement in writing of the injury and disability and made no objection to its form or substance, and made no demand for anything further. This was some evidence that the proof was satisfactory to it, and sufficient to uphold the verdict in that respect.

The testimony tended to show the character, totality and duration of the plaintiff's disability, and thus a case was made for the jury in these respects.

The defendant contends that the plaintiff was classified in the second class as a jobber and contractor, but was injured while engaged in the third class, namely, as a farm hand, and hence is only entitled to indemnity allowed to the third class. The defendant, as we have seen, classified the plaintiff as jobber and contractor, and by its policy it agreed, if his injuries shall "wholly disable and prevent him from the prosecution of any and every kind of business pertaining to the occupation under which this membership

is received, then, upon satisfactory proof of such injuries, said member shall be indemnified against loss of time occasioned thereby in a sum not exceeding twenty dollars per week * * * not exceeding, however, twenty-six consecutive weeks * * * The said member shall not be entitled to indemnity for disabling injuries beyond the amount of the ordinary wages or money value during the continuous total disability of such member." The application recites that the plaintiff, if injured in an occupation classified as more hazardous than the one specified, will be entitled to indemnity only at the rate provided for the class in which he receives injury. The by-laws of the company provide for an " accident class," of risks, and divide these into five classes. There is nothing in any by-law in evidence which indicates that a farm hand is graded in the third class.

The assignment of applicants to the different classes is to be made by the company or its agent according to their own rules. The application provides that, " rates and classifications are to conform to latest editions of manual or later special instructions." These were not delivered to or known to the plaintiff, and were not produced in evidence. The effect the defendant now claims for them is that the defendant can, after the plaintiff has been injured, classify the occupation in which he was injured in a grade other than that specified in the policy by its agent thereunto by private instructions fully authorized and thus reduce his indemnity to a lower rate of payment. The defendant with knowledge that the plaintiff was sometimes a farm hand classified him as jobber and contractor. If it had classified him in a lower rate of indemnity the plaintiff might have refused to accept and pay for the policy.

We do not think the evidence adduced entitles it to change in pursuance of its undivulged scale of rating his class or rate of pay. The court did not err in instructing

the jury that if the plaintiff was entitled to any recovery it was at the rate of twenty dollars per week.

The judgment must be affirmed, with costs.

LEARNED, P. J., and INGALLS, concur.