(Surrogate's Court, Westchester County.    June, 1894.)

WILLS—VALIDITY—JURISDICTION OF SURROGATE.

Code Civ. Proc. § 2624, authorizing the surrogate to construe any disposition of personal property in a will, applies only to a will which disposes of personalty independently of real estate.

Application for the construction of the will of Philip Morganstern, deceased.    Refused.

J. N. Goldbacher, for executors.
Farrington M. Thompson, special guardian.

COFFIN, S.    The facts that only three children were in existence at the making of the will, and that three were born subsequently, are conceded.    It is therefore claimed by the special guardian that under the provisions of 2 Rev. St. p. 65, § 49, as amended by Laws 1869, c. 22, the father died intestate as to these after-born children. It is well settled that a testamentary disposition to a class includes every person answering the description at the testator's death. That is construed by the courts to be the testator's intention, and they are thus deemed to be mentioned.    So, where a class is referred to, whether there is anything devised or bequeathed to them or not, all answering the description must be deemed to be mentioned.    It is not considered necessary, however, to elaborate this point, as it will presently appear that this court has no jurisdiction to determine it in this case.    Section 2624 of the Code authorizes the surrogate, where a party expressly puts in issue the validity, construction, or effect of any disposition of personal property contained in a will, to determine the question.    He is not here required to determine an issue as to any clause of the will disposing of personal property solely, which he might do, but of one embracing both real and personal, and so inseparably connected and blended as to prevent a construction as to one species of property without involving the other.    As the power to construe a will on the probate is one lately conferred upon the surrogate by statute, and is so far an enlargement of his jurisdiction, he cannot be permitted to go beyond it, and attempt to exercise a larger power than was intended to be conferred by the legislature.    In re Shrader, 63 Hun, 36, 17 N. Y. Supp. 273.    The request to construe is therefore refused.    Ordered accordingly.

---

### O'ROURKE v. JOHN HANCOCK MUT. LIFE INS. CO.

(Fifth District Court of New York City.    July 16, 1894.)

1. INSURANCE—APPLICATION BY ILLITERATE PERSON—WARRANTY.

Where an agent soliciting life insurance fills out an application for an illiterate person, and signs the same, without informing him of its contents, there is no warranty by the assured of the truth of the facts therein stated.

2. SAME—ESTOPPEL.

Where, on such an application, a policy is issued and premiums are paid, the company is estopped to assert that the application was not properly made.

3. SAME—PROOFS OF DEATH—WAIVER.

Formal proofs of death are waived where the policy holder is prevented from making them by a statement of an officer of the company that the policy would not be paid, because of other insurance on life of deceased.

4. SAME—INSURING LIVES OF CHILDREN.

Laws 1892, c. 690, § 55, which provides that a policy on the life of a child under two years of age shall not be issued to an amount exceeding $30, does not prohibit the issuing of several policies, each for that amount.

Action by Margaret O'Rourke against the John Hancock Mutual Life Insurance Company on a life insurance policy. Judgment for plaintiff.

Maurice B. Blumenthal, for plaintiff.

Langbein Bros. & Langbein (Leonard J. Langbein, of counsel), for defendant.

GOLDFOGLE, J. The defendant seeks to avoid liability upon its policy of insurance upon three alleged grounds: First, that there was fraud or false warranty in the making of the application for insurance; second, that the beneficiary failed to furnish proof of death as required by the policy; third, that under the insurance law the policy is void, owing to the fact that at the time of the insurance there was another policy in existence upon the life of the minor, to the amount of $30, the maximum sum permitted in a policy on the life of a minor under the age of two years.

It appears from the proofs in the case that the plaintiff is illiterate; that the agent of the defendant, authorized by them to solicit insurance, filled up the blank application, and signed the plaintiff's name thereto. The latter did not know of the insertion of the negative answer to the question whether there was other insurance upon the life of the child. Upon such facts a warranty is not established. The case clearly falls within the rule laid down in O'Brien v. Society, 117 N. Y. 310, 22 N. E. 954; Miller v. Insurance Co., 107 N. Y. 292, 14 N. E. 271; Insurance Co. v. Mahone, 21 Wall. 152. It is claimed, however, that, if the plaintiff now repudiates the warranty contained in the so-called application, it must be held that she made no application for the insurance, and hence the policy is of no avail. This point is not tenable. She authorized the defendant's agent to have insurance effected on the life of her child, and thereupon the policy was issued, and she paid the premiums as they became due from time to time. It does not lie with the defendant company to assert that the policy is void. It was a valid contract, and needed no special written application to support it as a condition prerequisite to its issuance. If it did, the act of the defendant's agent in signing plaintiff's name, and plaintiff's reliance on the policy as a valid contract, upon which premiums were paid by the one party and accepted by the other, estops the company from asserting that the application was not properly made.

If formal proof of death was required by the terms of the policy, it was waived. When the company's representative stopped O'Rourke from filling up the blank proof of death in the office of the company, and then and there asserted that the claim would not be paid, because of other insurance having been effected on the minor's life, there was a waiver on the part of the company of a formal proof of death. Grattan v. Insurance Co., 80 N. Y. 281; Baumiller v. Association (Com. Pl. N. Y.) 29 N. Y. Supp. 26.

The only remaining point is whether, under section 55, c. 690, of the Laws of 1892, the policy can be enforced. That section, in substance, provided that a policy upon the life of a minor child shall not be issued to an amount exceeding $30, where such minor is under the age of two years. A fair construction of this provision is that any particular policy shall not exceed $30 in amount in the case of a minor child of that age, not that the aggregate amount of insurance effected shall not exceed $30. If the statute is to be regarded as prohibitory, it ought not to be construed strictly, as against the assured or the beneficiary. Such a rule of construction is not sanctioned by our law or by the courts. The mere fact that there was a policy on the life of the child in a company other than that of the defendant does not, I think, bring the case within the statute.

I have very carefully considered the suggestions and propositions made in the elaborate brief submitted by the learned counsel for the defendant, but can find no justification for the defendant in avoiding a policy originally issued in good faith, for which it has been paid, and upon which it assumed a risk in the case of death of the minor. A different construction of the section that I have given to it would lead to injustice. The object of the statute, as near as it can be gathered from its peculiar phraseology, was to prohibit the making of a policy in any one company to an amount exceeding the respective sums set forth in the table, but not to prohibit cumulative insurance in different companies on the same life. If, however, I am in error as to this, or, in other words, if the purpose of the legislature was to prohibit cumulative insurance, so that no minor's life should be insured to an amount exceeding that set forth in the table set forth in the fifty-fifth section of the insurance law, the language of that statute falls short of expressing such purpose or intention. Whatever may be thought of the purpose that the legislature had in view in the passage of the law, I cannot give the statute any other construction than that which its language, under fair rules of construction, warrants. If the language is not broad enough to cover the object for which the defendant's counsel argues the law was designed, the fault was with the legislature. From the views I have thus briefly expressed upon the points involved, it follows that judgment must be rendered in favor of the plaintiff.