(12 Misc. Rep. 10.)

### BERNARD v. UNITED LIFE INS. ASS'N.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

1. INSURANCE—AGENT OF INSURER OR INSURED—RECITAL IN APPLICATION.

    Although in the application for insurance the applicant stipulate that the person taking the application shall be his agent, still, if such person be in fact the agent of the company in taking the application, the stipulation is ineffectual to make him agent of the applicant.

2. SAME—CONDITIONS—ESTOPPEL TO ASSERT BREACH.

    To an interrogatory in an application for insurance the applicant returned a true answer; but the agent taking the application knowingly and intentionally, without the privity of the applicant, substituted and inserted a false answer. *Held*, that defendant is estopped to allege the false answer as a defense to an action upon the policy issued on the application.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Mary C. Bernard against the United Life Insurance Association on a policy of life insurance. The answers in the application were made part of the policy and warranties, whether written by the applicant or not; and plaintiff agreed that "the person taking this application shall be the agent of the applicant." From a judgment of the city court (32 N. Y. Supp. 223) affirming a judgment entered on a dismissal of the complaint, plaintiff appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Lyman W. Redington, for appellant.

Harry Wilber, for respondent.

PRYOR, J. The complaint was dismissed upon a misapprehension of the case. The learned trial judge conceived plaintiff's contention to be that the condition in the application had been waived by the defendant; and he ruled, correctly enough, that such waiver was ineffectual, because not by an authorized agent, nor in writing, signed by the president or vice president and secretary or assistant secretary of the company, in conformity with the terms of the policy. The decision at general term proceeded on the same theory of inoperative waiver. The claim of the plaintiff, however, as disclosed by the evidence, is an estoppel.

In brief, the case is this: A daughter, for whom the defendant insured the life of her mother, sues upon the policy; and she is confronted with the fact that an answer in the application is false. In avoidance of the defense, her reply, and it is not contradicted, is that she stated the truth to the agent of the company; that he knowingly and intentionally substituted a falsehood in the application; and that she did not learn of the perversion of her answer "until three months after mother's death, when I went to collect it, and then they brought this against me." But, rejoins the defendant, you have stipulated that "the person taking the application shall be your agent as to all statements and answers in the application," and therefore not we, but you, are responsible for his acts; and so the policy is forfeited by the falsehood in the application. The question is, was Donovan the agent of the defendant in

taking the application? He was the company's agent to solicit insurance; he wrote out the application; he brought it to the plaintiff; he took and inserted her answers in it; he gave it to her to procure her mother's signature to it; she returned it to him, and he "turned it in to the company." So far, beyond possibility of doubt or denial, Donovan was the agent of the defendant in taking the application. Insurance Co. v. Wilkinson, 13 Wall. 222, 232. Nevertheless, it is urged that, by virtue of the provision in the application, Donovan became plaintiff's agent in the act of inserting her answers in the application, with the consequence that, although not she but the defendant employed him, and although in taking her answers he was serving the defendant, not her, still his fraud was her fraud, not the fraud of the defendant, and for such fraud she must suffer the forfeiture of her policy, and the defendant be allowed to retain the two years' premiums paid upon it. So absurd and iniquitous a result is shocking to the sense of justice; and we are to inquire whether it be any more consistent with the rules of law. In reason, no formula of words can effectually alter the nature of things, and transmute the actual agent of one party to a negotiation into the agent of the other. Whited v. Insurance Co., 76 N. Y. 415, 420. If, then, Donovan was, in fact, the agent of the defendant, the defendant has stipulated for security against its own fraud, which is contrary to fundamental principles. Hence, conformably with justice and common sense, it is adjudged that, despite any agreement to the contrary, an agent of the company, in taking an application for insurance, is still quoad hoc the agent of the company. Bushaw v. Accident Co. (Sup.) 8 N. Y. Supp. 423, 424. Notwithstanding, then, the confusion of characters so craftily contrived by the defendant to elude its righteous obligation, Donovan continued its agent; his acts were its acts, his fraud its fraud; and, as against the innocent plaintiff, the defendant is estopped to allege the false answer in the application in bar of the action. The plaintiff warranted the truth of the statements in her answers; and they would have been true but for the fraud of defendant's agent. Now, one may not rely on a nonperformance of which he was himself the occasion. Miller v. Insurance Co., 107 N. Y. 292, 296, 14 N. E. 271; O'Brien v. Society, 117 N. Y. 310, 318, 22 N. E. 954; Bushaw v. Accident Co. (Sup.) 8 N. Y. Supp. 423, 424; Bentley v. Association (Sup.) 5 N. Y. Supp. 223–225, and cases cited. The only defense apparent in the evidence being unavailable to defendant, the court erred in the dismissal of the complaint. Judgment reversed, and new trial ordered, costs to abide the event. All concur.