Thomas J. O'Brien, as Administrator, etc., Respondent, *v.* Home Benefit Society of New York, Appellant.

Where an applicant for a policy of life insurance, who is unable to read and write, gives correct answers to questions contained in the application, but, instead of the answers so given, the agent of the insurance company, either through fraud or mistake, inserts incorrect and untrue answers, the company, not the insured, is responsible for their falsity, and, in an action upon the policy, the defense of breach of warranty, because of the untrue answers, is not sustainable.

By a certificate issued by the defendant, the conditions attached thereto, and its by-laws, it agreed, upon the death of the member holding the certificate to make an assessment upon its members and to pay over the proceeds, not exceeding $2,000. In an action upon the certificate, *held,* that, upon refusal to make an assessment, an action at law was maintainable for breach of the contract; that, while *it seems* an equity action is maintainable to compel defendant to make and collect an assessment and pay over the amount stipulated, plaintiff was not limited to that remedy.

Plaintiff, for the purpose of proving damages, introduced in evidence defendant's official statements, filed in the insurance department, showing the number, dates and amounts, etc., of the certificates of membership issued by defendant, and proved by defendant's secretary that they were accurate, and then proved by an insurance expert that an assessment on the certificates liable to be assessed would aggregate over $4,000. *Held,* that the evidence was sufficient to justify a verdict for the amount of the certificate.

Reported below, 51 Hun, 495.

(Argued October 18, 1889; decided November 26, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made November 15, 1888, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought by the administrator of Peter O'Brien, deceased, to recover upon a certificate of membership issued to him, in April, 1884, upon his application, by the defendant as follows:

"This is to certify that Peter O'Brien, of 15 Fayette street, city Albany, state of New York, has paid the sum of twelve dollars, being the amount required on application for membership, and is, therefore, accepted as a member of the Home Benefit Life and Accident Society of New York, in Division B, subject to the conditions and requirements of the amended by-laws, rules and regulations of the society, and stipulations contained in the application for membership, and also to the conditions printed hereon.

"The membership entitles Peter O'Brien, after the presentation of satisfactory proof of the affliction with disabling injury by accident of said member, subject to and in accordance with the charter, amended by-laws, rules and regulations of the society, and of the conditions printed hereon, to $9 weekly indemnity, not exceeding three months; or if said member shall have become permanently and totally disabled by accident for life — *i. e.,* so as to preclude the possibility of ever following any vocation; or in the event of death, and upon satisfactory proofs thereof, the membership entitles Peter O'Brien, heirs or assigns, within ninety days after satisfactory proofs have been furnished to the officers of the society at the home office, to all of the amount realized from one assessment, not exceeding $2,000, payable at the home office of the society in New York.

"Provided said member continues to observe and comply with the conditions, requirements and stipulations above referred to, and to duly pay the semi-annual dues and assessments of said society during membership. otherwise the

membership, with all moneys paid to the society, and all claims against the same in his behalf, shall be forfeited, and this certificate shall be null and void, without any notice to said member, or any action thereon being taken by this society.

[L. S.]            "Given under the seal of the society, at New York, this twenty-five of April, 1884."

The application was taken from O'Brien by an agent of the defendant, and it contains the answers to various questions, some of which are as follows :

*First.* Are you now in good health and free from any disorder, infirmity or weakness ?   A. Yes.

*Second.* Have you ever had any of the following diseases; if so, state particulars and separate answer to each question ?

(To all of which he answered "No."   Among the diseases enumerated was "rheumatism.")

*Third.* What sickness, disease or injury have you ever had ? A. None.

*Fourth.* When were you attended by a physician last, and for what complaint ?   A. None.

*Fifth.* Name and residence of your usual medical attendant ? A. None.

The application also contained the following :

"I further declare and agree that the statements and representations contained in the foregoing application and declaration, together with those made to the medical examiner, shall be the basis of the contract between me and the said society; that I hereby warrant the same to be full, complete and true, whether written by my own hand or not, and that if the same, or any of them, are in any respect untrue, the certificate which may be issued hereon shall be null and void and of no effect, and all moneys which may have been paid on account of such insurance shall be forfeited to said society, and the said contract shall not become binding upon the society unless at the time of its delivery the applicant is in strong health and mind."

O'Brien died on the 10th day of January, 1886, from the

disease of rheumatism, which disease he had had for some years prior to his application; he had been attended therefor by physicians, and the answers given to the questions above set out were untrue.

The plaintiff made proofs of the death of O'Brien and forwarded them to the defendant; it refused to make an assessment for the payment of his claim, alleging that it had been defrauded by the untrue answers given by O'Brien as to his health and the medical attendance upon him. The plaintiff alleged in his complaint the membership of Peter O'Brien, his death, that the amount to which he was entitled under and in pursuance of the certificate was the sum of $2,000, that the defendant had neglected and refused to pay the same or any part thereof, and he demanded judgment for $2,000, with interest. The defendant in its answer alleged as a defense, among other things, the untrue answers of O'Brien contained in his application, and that they were false and fraudulent.

Upon the question of damages, plaintiff introduced in evidence the official statements filed by defendant with the insurance department for the years 1885 and 1886, showing the numbers, dates and amounts of outstanding certificates, the ages of the insured, etc.; defendant's secretary testified that they were prepared by him and were correct. Plaintiff then proved by an insurance expert that an assessment on the certificates in force December 31, 1885, at the rates specified in the by-laws, would aggregate $4,083.10, and on those in force December 31, 1886, $4,584.34.

Further facts appear in the opinion.

*Charles Blandy* for appellant. No action at law lies on the certificate in suit where no assessment has been made and collected, the only remedy being in equity; the complaint, therefore, should have been dismissed and plaintiff nonsuited. (*Smith* v. *C. B. Assn.*, 24 Fed. Rep. 685, 688, 689; *Mayer* v. *Eq. L. Assn.*, 42 Hun, 237, 238; *Curtiss* v. *M. B. Ins. Co.*, 48 Conn. 98; *In re P. Ins. Co.*, 9 Ins. Jour. 145; *Eberle* v. *Kauffeld*,

2 How. [N. S.] 488, 490; *Rainsbarger* v. *U. M. Ins. Co.*, 33 N. W. Rep. 626; *Tobin* v. *W. M. Ins. Co.*, Id. 663, 666; *Bailey* v. *M. B. Ins. Co.*, 71 Iowa, 689, 691, 692; *B. Assn.* v. *Sears*, 114 Ill. 108, 113; *Holly* v. *M. Ins. Co.*, 105 N. Y. 437, 442, 444.) If an action at law lies, the complaint failed to state a cause of action at law, nor did the proof support such action, and the complaint should have been dismissed. (*Curtiss* v. *M. B. Ins. Co.*, 48 Conn. 98; *Taylor* v. *N. U. Ins. Co.*, 12 West. Rep. 92; *Earnshaw* v. *S. M. Ins. Co.*, 11 Cent. Rep. 508, 510; *Abernethy* v. *Society, etc.*, 3 Daly, 2, 10; *Tooker* v. *Arnoux*, 76 N. Y. 397, 400; *Romeyn* v. *Sickles*, 108 id. 650, 652, 653; *Truesdell* v. *Sarles*, 104 id. 164, 167; *Ball* v. *G. S. Assn.*, 9 Atl. Rep. 103; *Newman* v. *C. M. Ins. Co.*, 33 N. W. Rep. 662; *Masterton* v. *Mt. Vernon*, 58 N. Y. 391, 396; *Claflin* v. *Meyer*, 75 id. 260, 266, 267; *M. M. Co.* v. *Remington*, 109 id. 143, 145, 146; *Hobart* v. *Hobart*, 62 id. 80, 84.) Defendant's power to assess its members depended entirely on the contract made with them, and it could assess them only and strictly in accordance with such contract. (*A. M. Ins. Co.* v. *Helburn*, 2 S. W. Rep. 495, 496; *P. M. Ins. Co.* v. *Guse*, 49 Mo. 329; *M. M. Ins. Co.* v. *Lovell*, 59 Me. 504; *Bates* v. *D. M. Ins. Co.*, 51 Mich. 587; *M. Assn.* v. *Essender*, 59 Md. 463; *Atlantic Co.* v. *Moody*, 74 Me. 385, 386.) The agreements of the various members to pay assessments at the rates existing when they became members was the only contract which defendant could have enforced against them. Defendant could not make another contract for them or modify the original without their express consent. (*Morrison* v. *W. M. Ins. Co.*, 59 Wis. 162, 166; *Gundlach* v. *G. Ins. Co.*, 4 Hun, 339, 341; *Coyle* v. *Father Matthew*, 17 W. D. 17; *Milligan* v. *Goddard*, 1 How. [N. S.] 377, 378; *Pallazzino* v. *G., etc., Soc.*, 16 Civ. Law Bul. 27, 28.) Defendant's offer to show the best way an approximation could be made as to what would be realized from an assessment, although not capable of exact determination, was erroneously excluded. (*Earnshaw* v. *S. M. Ins. Co.*, 11 Cent. Rep. 508, 511; *Osgood* v. *Toole*, 1 Hun, 167, 169;

60 N. Y. 475; *Burr* v. *A., etc., Co.*, 8 Abb. N. C. 403; *Kerr* v. *McGuire*, 28 N. Y. 446.) It was error to deny defendant's motions for a dismissal of the complaint and for judgment in its favor. (*Pratt* v. *Hull*, 13 Johns. 334, 338; *Lomer* v. *Meeks*, 25 N. Y. 361–363.) When the answers of the assured to questions in the application were shown to be false and untrue in fact, said answers being, by the terms of the application, made warranties, the defendant was entitled to a verdict without regard to any question of the intent of the assured or their materiality. (*Dwight* v. *Germania*, 103 N. Y. 341, 358; *Alexander* v. *Germania*, 66 id. 464, 467, 468; *Graham* v. *F. Co.*, 87 id. 69, 73, 74; *O'Reilly* v. *G. Ins. Co.*, 60 N. Y. 169, 171, 174; *N. L. Ins. Co.* v. *Minch*, 53 id. 144–150.)

*E. Countryman* for respondent. The defendant is a body politic and corporate, capable of contracting and of suing and being sued, and the relation between the plaintiff and the corporation is that of insured and insurer; and the rights and duties of the contracting parties are to be governed and determined by the terms of the policy by which the insurance is effected, as in other cases. (*Cohen Case*, 50 N. Y. 611, 624.) When the company refused to perform its contract — refused to make an assessment to raise the money or to pay from the money remaining on hand, raised by previous assessments, it became liable to an action at law for the damages sustained from the breach of its contract. (*Peck Case*, 52 Hun, 255, 256; *Fulmer Case*, 12 N. Y. S. R. 347; *Fitzgerald Case*, 24 id. 493; *Freeman Case*, 42 Hun, 253; *Lueder Case*, 11 Ins. Law Jour. 437; 12 Fed Rep. 465, 467, 468, 472; *Hill* v. *Denver*, 29 id. 344; *Earnshaw Case*, 68 Md. 465, 466; *Jackson Case*, 73 Wis. 507; *Hankinson* v. *Page*, 31 Fed. Rep. 184, 188; 12 Civ. Pro. Rep. 279; *Beard* v. *Brooklyn*, 31 Barb. 143; *Cummings* v. *Brooklyn*, 11 Paige, 596, 602; *Burland Case*, 47 Mich. 424, 427; *Neskern Case*, 30 Minn. 406, 407; *Taylor Case*, 94 Mo. 35, 41; *Whitt Case*, 36 Kan. 760, 761; *Lemke Case*, 40 id. 142;

*Riddle Case,* 91 Ind. 84 ; *Houghton Case,* 103 id. 286, 287.) Upon refusal to make the assessment, defendant would be liable at law for such sum as might have been collected if it had fulfilled its undertaking. It would not be permitted to allege that nothing · was due the.plaintiff because of its own default in not doing what it had agreed to do. (*Hankinson* v. *Page,* 31 Fed. Rep. 188 ; *Stowell Case,* 23 St. Rep. 707.) The parties, in substance, having agreed upon the sum of $2,000 as the value of the life, this was, *prima facie,* the loss sustained by the death ; and the defendant agreed to pay for such loss the amount of one assessment against its members, not exceeding the sum of $2,000, either from an indemnity fund on hand, or by making and collecting an assessment. (*Hill* v. *Denver,* 29 Fed. Rep. 344, 345 ; *Clark* v. *Miller,* 47 Barb. 39, 43, 44 ; 2 Greenl. on Ev. § 253 ; *Baker* v. *Drake,* 53 N. Y. 211 ; *Pinney* v. *Gleason,* 5 Wend. 393 ; *Rockwell* v. *Rockwell,* 4 Hill, 164 ; *Blackmer* v. *Holmes,* 13 Week. Dig. 424 ; *Fletcher* v. *Derrickson,* 3 Bosw. 181 ; *Herrick* v. *Carter,* 56 Barb. 41 ; *Thomas* v. *Dickinson,* 23 id. 431 ; *McKay* v. *Bowes,* 3 Week. Dig. 52 ; *Potter* v. *Merchants' Bk.,* 28 N. Y. 642 ; *Thayer* v. *Manley,* 73 id. 305.) The evidence to prove that an assessment would produce the sum of $2,000, was properly received, and sufficient to warrant a verdict for the amount of the claim. (*Freeman Case,* 42 Hun, 253 ; *Neskern Case,* 30 Minn. 406 ; *Schwier Case,* 90 N. Y. 564 ;· *Clark Case,* 40 Hun, 606, 611 ; *Brooks* v. *Steer,* 6 id. 516 ; *People* v. *Tweed,* 5 id. 387, 388.) Even if the plaintiff might have been required, on motion, to make the allegation in the complaint more definite, the defendant, by taking issue on the general allegation, was precluded from raising such an objection on the trial. (*Seeley* v. *Engle,* 13 N. Y. 543 ; *People* v. *Ryder,* 12 id. 434 ; *Maire* v. *Garrison,* 83 id. 14.) So, if a material allegation had been omitted and the fact was supplied by proof on the trial, the complaint will be deemed amended, or be amended on appeal, in order to support the judgment. (*Bate* v. *Graham,* 11 N. Y. 237 ; *Lounsbury* v. *Purdy,* 18 id. 515 ; *Bennett* v. *Judson,* 21 id. 238 ; *Pratt*

v. *H. R. R. R. Co.,* 21 id. 305, 313 ; *Ready* v. *Sayre,* 70 id. 181, 190 ; *Whittlesey* v. *Delaney,* 73 id. 571 ; *Catlin* v. *Gunter,* 11 id. 368 ; *Wines Case,* 70 id. 613, 614 ; *Salisbury* v. *Home,* 87 id. 128.) As the proofs were retained by the defendant, and no objection made to them as not in compliance with the certificate or by-laws, this constituted a waiver of any defects in them. (*Goodwin Case,* 73 N. Y. 481 ; *Prentice Case,* 77 id. 483 ; *Brinck Case,* 80 id. 109 ; *Herman Case,* 100 id. 412 ; *Kanelson Case,* 45 Hun, 144 ; *Dresser Case,* 45 id. 299 ; *Titus Case,* 81 N. Y. 411 ; *Thierolf Case,* 110 Penn. 37.) As the testimony of plaintiff and his sister clearly shows that the deceased made true answers to the agent and medical examiner, and that such answers were not correctly written down, defendant is responsible for his acts. (*Flynn Case,* 78 N. Y. 568 ; *Higgins Case,* 74 id. 7 ; *Grattan Case,* 80 id. 281 ; 92 id. 275 ; *Bennett Case,* 106 id. 243 ; *Miller Case,* 107 id. 292 ; *Smith Case,* 47 Hun, 31 ; *Kenyon Case,* 48 id. 278 ; *Vanderhoof Case,* 12 St. Rep. 342 ; *Bentley Case,* 23 id. 470, 471.) The action was promptly brought in the name of the administrator. (*Bishop Case,* 112 N. Y. 628.)

EARL, J. The application for membership taken by the defendant's agent from O'Brien was signed by his mark. He did not read, and was not able to read it, and it was not read to him ; and there was evidence upon the trial that he gave correct answers to all the questions contained in the application, but that his answers were incorrectly written therein by the agent, without his knowledge or consent. There was also evidence given on the part of the defendant that the answers of O'Brien to the questions put to him were correctly written just as he gave them, and the trial judge submitted to the jury this evidence on both sides. He charged them that if O'Brien did not truly answer the questions the plaintiff could not recover ; but that if he answered them truly and the agent of the defendant did not write them in the application as they were given, the defendant was responsible for the mistake or fraud of its agent, and that in that event the untrue

answers would furnish no defense to the action. The jury having found a verdict for the plaintiff we must assume that upon sufficient evidence they found that O'Brien gave true and honest answers to the questions put to him, and that the untrue answers contained in the application were therein inserted by the agent of the defendant by fraud or mistake. That upon such facts the defendant has failed to sustain its defense of breach of warranty, and fraud is abundantly established by the authorities in this state. (*Grattan* v. *Met. Life Ins. Co. of New York*, 80 N. Y. 281; 92 id. 274; *Miller* v. *Phœnix Mutual Life Ins. Co.*, 107 id. 292; *Bennett* v. *Agricultural Ins. Co. of Watertown*, 106 id. 243.) These authorities hold that where the insured gives true answers to the questions put to him as the basis of insurance, and an authorized agent of the insurance company inserts in the application false answers, the company and not the insured is responsible for their falsity, and that their falsity is no defense to an action upon the policy.

There is no doubt that the complaint in this action sets forth an action at law to recover a money demand. The defendant contends that if the plaintiff is entitled to maintain any action, it is only an action in equity to compel it to make and collect an assessment for the payment of plaintiff's claim, and that, therefore, the complaint should have been dismissed. By its certificate and the conditions annexed thereto, and under its by-laws, the defendant agreed to do something, and that was to make an assessment upon its members for a death claim and to pay the proceeds not exceeding the stipulated amount. It is undoubtedly true that a suit in equity could have been maintained upon the facts of this case to compel the defendant to make and collect an assessment and to pay to the plaintiff the proceeds thereof. Such a suit, however, would have required complicated and tedious proceedings, and the plaintiff was not obliged to resort to it. When the defendant refused to make an assessment it violated its contract, and became liable to the plaintiff for the damages caused by such violation; and such damages like all damages for breaches of contracts can be

recovered by an action at law.   So it has been held in many analogous cases.   (*Peck* v. *Eq. Accident Assn.*, 52 Hun, 255; *Freeman* v. *Nat. Benefit Soc.*, 42 id. 252; *Cumming* v. *Mayor, etc.*, 11 Paige, 596, 602; *Fulmer* v. *U. M. Assn.* 12 N. Y. S. R. 347; *Fitzgerald* v. *E. R. F. L. Assn.*, 24 id. 493; *Lueder* v. *H. L., etc., Ins. Co.*, 12 Fed. Rep. 465; *Earnshaw* v. *S. M. Aid Soc.*, 68 Md. 465; *Jackson* v. *Northwestern, etc., Assn.*, 73 Wis. 507; *Burland* v. *N. M. B. Assn.*, 47 Mich. 424; *Taylor* v. *N. T. R. Union*, 94 Mo. 35; *K. P. Union* v. *Whitt*, 36 Kan. 760; *Life Assn.* v. *Lemke*, 40 id. 142; *M. A. Assn.* v. *Riddle*, 91 Ind. 84.)

Our attention is called by the learned counsel for the defendant to certain cases which uphold his contention.   But those cited above, we think, stand upon the best reason.

While upon the trial it was claimed, on behalf of the defendant, that this was an action at law, and that such an action could not be maintained against it, no claim was then made that the facts stated in the complaint were not sufficient for the maintenance of an action at law if such an action was maintainable.   The complaint is open to some criticism; but its alleged defects worked no harm to the defendant, and its objections to it come too late here.

The plaintiff was, therefore, entitled to recover something, and what was the measure of his damages?   Just what he lost by the defendant's breach of its contract.   He was entitled to have an assessment made and collected, and the proceeds thereof paid to him.   What was the contract worth to him, and what would the assessment have produced for him?   It was incumbent upon the plaintiff to give evidence which would enable the jury to answer these questions.

As the assessment was not made, it was impossible for the plaintiff to show accurately or precisely what such an assessment would have produced.   He was bound to give such evidence as the nature of the case permitted bearing upon the matter of damages, and legitimately tending to prove their amount.   We have carefully read the evidence, and we think there was sufficient to justify the verdict of the jury.

These views dispose of the most material exceptions bearing upon the general merits of the case taken at the trial. There were, however, many exceptions taken on behalf of the defendant, both to the reception and exclusion of evidence having relation to the question of damages, which are also complained of. We have carefully scrutinized these exceptions, and we do not believe that they point out any material error to the prejudice of the defendant.

Our conclusion, therefore, is that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.