## ROEDING *v.* SONS OF MOSES.

*(Common Pleas of New York City and County, General Term.* December 1, 1890.)

BENEVOLENT SOCIETIES—MUTUAL BENEFIT INSURANCE—PAYMENT OF DUES.

The by-laws of a benevolent society provided that a member failing to pay dues should forfeit his claims on the society; but that he should be "entitled to all rights as soon as he is clear on the books." Payment of dues in default, tendered to the secretary of the society, was refused by him on the ground that he had no authority to accept dues, which must be paid at meetings of the society or of its directors. It appeared that it was the practice of the secretary to receive dues from members and pay them to the society. *Held,* that the society was estopped to deny the authority of the secretary to accept the dues tendered; and that, the member having died before a meeting of the society or the directors, the society was liable for the benefit payable on the death of a member "clear in the books."

Appeal from sixth district court.

Action by Louis Roeding against the Sons of Moses, an incorporated benevolent society, to recover a sum of money alleged to be payable by the society on the death of one Michael C. Ash, one of its members, assigned by the widow of said Ash to plaintiff. From a judgment for plaintiff, defendant appeals.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*W. R. Spooner,* for appellant. *L. S. Phillips,* for respondent.

PRYOR, J.   Action by an assignee to recover of defendant, a benevolent society, $250, to which the assignor claimed to be entitled as widow of a deceased member of the society.   The claim was valid, if the deceased member had complied with provisions of the society's by-laws, now to be considered. Article 4, § 1:  "Each member shall pay $4 dues at the end of each quarter, in the months of March, June, September, and December, or in the following meeting of the directors."   "Sec. 4.  A member who fails to pay his dues at the legally specified time forfeits all claims on the society, with the exception of the burial ground.   He is entitled to all rights as soon as he is clear in the books."   Article 13, § 1: "The regular general meetings shall take place on a Sunday, in the middle of the months of December, March, June, and September.   There shall also be held a board meeting monthly."   It is conceded, in respect of the two quarters ending in June and in September, 1888, that, when he died, no part of the eight dollars then due had been actually paid to the society; and the question is, had he done that which was the legal equivalent of payment, or was he "clear in the books?"   He had done this.   The two quarters having elapsed without payment by the deceased, notices to pay those dues were sent to him by the secretary of the society.   October 14th, a son of the deceased, on his behalf, sent a check for eight dollars, the amount of the dues for two quarters, to the secretary of the society.   Next day the secretary returned the check, with a letter stating that he had no authority to accept dues from members, which must be paid at meetings of the society or at meetings of the directors, and that the next meeting would be held in the ensuing November.   The secretary admitted that he was in the habit of receiving dues from members, but this he did as a favor, and not under the authority of the by-laws.   It appeared that this son of the deceased made other tenders in cash to the secretary, which, however, he declined to receive on the same ground.   The deceased died October 25, 1890.   At his death was he "clear in the books?"   The secretary had no authority under the constitution or by-laws to receive dues from members.   As a member of the society, the deceased was chargeable with notice of the by-laws.   When he attempted, by his agent, to pay his dues, he did so by tender to a person without actual authority to accept it; and so, it is said, he died in default to the society.   But it is answered that the society is estopped to deny the authority of the secretary by his habitual practice in receiving dues from members.   That such was his practice is incontrovertible upon the evidence.   A practice so habitual and so long continued, aided by the fact that the dues received by the secretary were paid by him to the society, raises a presumption, if not that the by-law requiring the treasurer to receive all moneys had been tacitly abrogated, at least that such practice of the secretary was known and ratified by the society. This presumption is not rebutted by a particle of proof; and so the defendant was estopped by the apparent authority which is communicated to its agents. The distinction which the secretary draws between his official and his individual character, saying that he received dues in the latter and not in the former capacity, is one which, existing only in his own consciousness, could not be perceived by those who put the money in his hands.   To suffer its secretary habitually to receive and pay to it dues from members, without objection that he has no authority so to do, and then, when by the death of a member his error is irreparable, to deprive the widow of her pittance on the pretext that the tender was to the wrong person, is an injustice which the courts will be astute to avert.   The argument of the defendant's counsel that the secretary apprised the deceased of his lack of authority to receive dues is without force, since he did so on the 15th of October, the day after the tender. Appellant urges that the tender of payment was not made at the "legally specified time," as prescribed by the by-laws; but the answer is obvious that this time is too uncertain and indeterminate to justify a forfeiture for failures to ascertain it.   For near 40 years, the deceased had been contributing to the

treasury of the society, and it would be the extreme of injustice to deny his widow the small provision, because eight dollars were not tendered on the very day of payment. The deceased was "clear in the books;" but, if not, it was the fault of defendants. Judgment affirmed, with costs. All concur.