(10 Misc. Rep. 221.)

### CORBITT et al. v. METROPOLITAN LIFE INS. CO.

(City Court of New York, General Term. November 20, 1894.)

INSURANCE—FALSE STATEMENT IN APPLICATION—ACT OF AGENT.
> Where the insured gives correct answers to questions contained in the application, but the agent, either by fraud or mistake, inserts incorrect or untrue answers, a breach of warranty cannot be predicated thereon.

Appeal from trial term.

Action by William M. Corbitt, as administrator, etc., of Mary O'Connor, deceased, against the Metropolitan Life Insurance Company, on a life insurance policy. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK, J.

Arnoux, Ritch & Woodford, for appellant.

M. P. O'Connor, for respondent

EHRLICH, C. J. The jury found, upon evidence justifying the conclusion, that the decedent was the person insured; that the insurance was for the benefit of the estate; that the answers which she made to the agent of the defendant were true; and that the answers which appear in the written application, and on which the defendant founds its defense of breach of warranty, were inaccurately put down by the defendant's agent, so that, in point of fact, that was no fraud or misrepresentation by the insured. Treating these facts as found adversely to the defendant, the law applicable is that where correct answers are given to an insurance agent to questions contained in the application, but, either through fraud or mistake, the agent inserts incorrect and untrue answers, the insurer, and not the insured, is responsible for their falsity; and, in an action on the policy, the defense of breach of warranty is not sustainable.

O'Brien v. Society, 117 N. Y. 310, 22 N. E. 954; Bennett v. Insurance Co., 106 N. Y. 243, 12 N. E. 609; Miller v. Insurance Co., 107 N. Y. 292, 14 N. E. 271; Grattan v. Insurance Co., 80 N. Y. 281, 92 N. Y. 274; Benninghoff v. Insurance Co., 93 N. Y. 495. It is upon this theory alone that the judgment can be upheld. True, the evidence is not as cogent as might be desired; yet it was credited by the jury, and was deemed by them sufficiently reliable to warrant the result arrived at. The trial judge was seemingly of the same opinion, for he promptly denied the motion to set the verdict aside. It follows that the judgment and order appealed from must be affirmed, with costs.