(17 Misc. Rep. 635)

## KEHRBAUM v. KEGAL.

(Supreme Court, Appellate Term, First Department. July 27, 1896.)

1. MUTUAL BENEFIT INSURANCE—NONPAYMENT OF DUES.
   A member of a mutual benefit association is not in default for nonpayment of dues, where the branch to which he was attached has been dissolved.

2. SAME—FAILURE OF BENEFIT FUND.
   In an action on a mutual benefit certificate, the burden is on defendant to show that the failure of the association to realize the fund from which the benefit was payable was not due to any fault or negligence on its part.

Appeal from Eighth district court.

Action by Peter Kehrbaum against Albert Kegal, president of the United Wood Carvers' Association of New York. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

A. P. Wagener, for appellant.
O. H. Wefing, for respondent.

McADAM, J. The action was to recover $150 death-benefit moneys from the defendant, an organization known as the United Wood Carvers' Association of New York, branch of the International Wood Carvers' Association of North America; the former having headquarters in New York City, with a constitution and by-laws of its own, and the latter located in Boston, Mass. Section 7 of article 3 of the defendant's by-laws provides that "each and every member of this association who may die, his family or next of kin shall be entitled to the death benefit as prescribed in the International constitution: provided he be not more than three months in arrears for dues, special taxes or death assessments for one month (after date of levy), at the time of his death." Article 9 of the constitution of the International Wood Carvers' Association of North America provides (section 1) "that upon the death of a member in good standing the sum of fifty dollars shall be paid to his wife, nearest of kin, or legatee"; and (section 2) "that upon the death of a member who has been continually in good standing for a period of six months, dating from the time of his admission or reinstatement, the sum of one hundred and fifty dollars shall be paid to his wife, nearest of kin, or legatee." The father of the deceased, as the nearest of kin, sues to recover the $150.

It appears that the deceased was a member of the Grand Rapids branch of the International Association, and that branch had disbanded prior to April, 1894, when application was made by him to the defendant for membership. The minute book of the defendant shows that on April 27, 1894, the defendant inquired of the Grand Rapids Association whether the applicant was indebted to that body. It was ascertained that the applicant was so indebted to the amount of $7.50, which was paid prior to October 27, 1894, and the amount sent to the International Association, in Boston. The constitution of the International Association provides (article 7, § 7) that "affiliated associations are prohibited from initiating expelled or dropped members of sister associations until said members have placed themselves in good standing with the association from which they were expelled or dropped." The purpose of paying the arrearages was to make the applicant eligible for admission to the defendant association. Having settled all delinquencies, he was reported to be in good standing, and was eligible for admission as a member of the local body October 27, 1894, though not formally initiated therein until January 4, 1895, if on any theory any formal admission or further initiation was necessary. The de-

ceased had all along been a member of the International body, and had never been expelled or dropped by it or any of its subordinate lodges. The Grand Rapids branch disbanded, so that dues could no longer be paid to it. The result was somewhat analogous to that brought about by the suspension of an insurance company. In such case a policy holder does not forfeit his policy by omitting to pay the annual premium thereon. People v. Empire Mut. Life Ins. Co., 92 N. Y. 105; Attorney General v. Guardian Mut. Life Ins. Co., 82 N. Y., at page 339. But, even if the deceased had been formally suspended by the Grand Rapids branch, the acceptance of the back dues by the defendant and the International Association operated as a reinstatement of the deceased to membership. They thereby acknowledged that he was a member of the order, and entitled to be regarded as such, not for one but all purposes. The law does not favor forfeitures, and sometimes slight acts, with full knowledge of the facts, will be held to be a waiver sufficient to estop the setting up of the forfeiture as a defense. The authorities hold that where a member has done all he is required to do under the contract of insurance to entitle him to restoration to membership, or to vote upon the question of his restoration, he may not arbitrarily be refused readmission. The courts will protect his rights during his life, and those of his beneficiary after his death. Manson v. Grand Lodge, 30 Minn. 509, 16 N. W. 395; McDonald v. Supreme Council, 78 Cal. 49, 20 Pac. 41; Roeding v. Sons of Moses (Com. Pl.) 11 N. Y. Supp. 712; Hoffman v. Supreme Council, 35 Fed. 252; Marck v. Supreme Lodge, 29 Fed. 896. At the time of the death, on June 25, 1895, the deceased was therefore a member of the defendant in good standing, and had been such for more than six months at the time of his decease, within the meaning of the by-laws. The plaintiff in consequence became entitled to. $150, the full benefit allowed by the by-laws, and awarded by the judgment appealed from. The suspension or clearance certificate from the International body was not (according to the evidence of the defendant's corresponding secretary) necessary to the admission of the deceased into the local lodge, and in this instance he was admitted four days before it bears date. The delays of the International Association or of the defendant could not prejudice the membership rights of. the deceased, and do not constitute any defense to the demand for the full death benefits.

The defendant denies all liability, upon the ground that the action should be against the International Association, the grand lodge of the defendant, located at Boston. There is no force in this contention. The by-laws of the defendant are in the nature of a contract with the member that on his death his wife, nearest of kin, or legatee shall be entitled to receive from it the amount agreed to be paid. Bac. Ben. Soc. § 90. Such meaning seems to be consistent with the fair import of the words used, having reference to the purpose and object of the parties in entering into the agreement; and, as the language is that of the defendant, a construction ought not to be adopted which will defeat a recovery, if it is

susceptible of a meaning which will permit one. The by-laws do not prescribe that the beneficiary shall have a claim against the International Association, nor point out the means by which he can enforce the obligation against it.

The defendant claims that, according to the custom of subordinate lodges, it receives the proofs of death, forwards them to the grand lodge, collects the death benefits, and pays them over to those entitled to them. The defendant received the proofs of death in this instance, and sent them on to the International Association at Boston; and there is evidence that the treasurer of the defendant had $150, the full benefit money, in his possession, to pay over. This certainly establishes a cause of action for the sum stated. Even if the defendant had not collected the money from the International Association, it was bound to prove in defense that it had made every effort to do so; for it could not lie by, and neglect to put in operation the means possessed by it to obtain the fund to which the plaintiff was entitled, and omit payment because of its own breach of duty. Fitzgerald v. Association (Com. Pl.) 5 N. Y. Supp. 837; Freeman v. Benefit Soc., 42 Hun, 252; Peck v. Association, 52 Hun, 255, 5 N. Y. Supp. 215; O'Brien v. Benefit Soc., 117 N. Y. 310, 22 N. E. 954; Cushman v. Society (Com. Pl.) 13 N. Y. Supp. 428; Hankinson v. Page, 12 Civ. Proc. R. 279, 288; Fulmer v. Association, 46 Hun, 678.

The judgment must be affirmed, with costs. All concur.