therein are those upon which information is desired. These are often very numerous, and not unfrequently quite general and indefinite, and susceptible of being answered briefly and substantially, or with greater or less minuteness of detail. How briefly and with what degree of minuteness, the applicant may not know. The agent must be presumed to be clothed with the power to say when the question is satisfactorily answered—that is, with sufficient fullness. * * * Is the building to be insured a shop or a store, all the facts being made known and the answer being a matter of doubt. may not the agent, instead of incumbering the papers with a multitude of detail, agree for the company that it is either, according as he thinks the facts show it to be? * * * There must be, it would seem, an incidental power lodged in the agent adequate to the explanation of the proper description of the property or interest to be insured, the meaning of the words and phrases used in the questions, and the application of answers to the subject-matter, so far as they may be necessary to perfect the instrument and render it fit for its purpose, and promote the usefulness and efficiency of the agency. In short, the agent may do in this behalf what could be done at the home office if the application were filled up there upon conference with the officers. * * *"

In Richards on Insurance, page 26, it is said:

"Where a written application is used, the applicant generally answers the questions orally, and the agent is expected to fill in the blanks, and is in fact intrusted with some power and discretion in this regard, like other agents engaged in canvassing for the benefit of their principal."

An insurance company will not be permitted to avoid a policy issued by them upon the ground that the insured failed to notify them of certain facts of which the policy required notice, if it is shown that the company or its agent had full knowledge of those facts at the time of issuing the policy. The knowledge of the facts is sufficient notice. Rowley v. Empire Ins. Co., 3 Keyes, 557; Am. & Eng. Ency. of Law, vol. 16 (2d Ed.) page 943; McNally v. Phœnix Ins. Co., 137 N. Y. 389, 33 N. E. 475; Skinner v. Norman, 165 N. Y. 565, 59 N. E. 309, 80 Am. St. Rep. 776.

The court in this case, without objection, submitted to the jury the whole question, directing them to return a general verdict for the defendant, or for the plaintiff, fixing the amount of the recovery. The jury found for the plaintiff, and no objection is now made as to the form of the verdict. The verdict accords with our sense of justice and right as between the parties, and we are also of the opinion that it is in accordance with the rules of law applicable to this case as already established by the courts of this state.

Judgment should be affirmed, with costs. All concur.

---

### HAYES v. SARATOGA & W. FIRE INS. CO.

(Supreme Court, Appellate Division, Third Department. March 11, 1903.)

1. INSURANCE—FALSE STATEMENTS IN APPLICATION.
    Where an applicant for fire insurance, who could not read writing, answered truthfully the questions put to him by an authorized agent of the company, as a basis of insurance, and such agent inserted false answers in the application, their falsity was no defense to an action on the policy.

¶ 1. See Insurance, vol. 28, Cent. Dig. § 999.

**2. SAME—TRANSFER OF POLICY.**
     An insured building was sold by the owner's receiver, and the policy transferred to the purchaser by the insurance company. Subsequently plaintiff acquired the building through two intermediate transfers, of all of which the company was informed, and assented to the assignment. *Held*, that the company thereby consented to continue the insurance on the building, with plaintiff as owner, as effectually as if a new policy had been written in her name.

Appeal from Trial Term, Saratoga county.

Action by Johanna Hayes against the Saratoga & Washington Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

One Randall is the agent of the defendant, a co-operative fire insurance company, and has authority to solicit business, make out applications for insurance in defendant company, deliver policies, and collect premiums.

Michael Connery, in 1899, was the owner of a building situated on leased land in Saratoga, N. Y., on which building were three policies of insurance, aggregating $4,100. In April or May, 1899, Randall came to Connery and said that he had had some talk with one Burke, a collector of premiums for defendant, and also with a brother of Connery, in regard to taking out more insurance on Connery's building. Connery told Randall that he had insurance enough, that it cost him too much to keep his insurance up, and that if there was a fire he would not get anything. Randall told him that it was all right, and that it would only cost half as much in his company as in the other companies. Connery can read print some, but cannot read writing. He consented to take a policy in the defendant company, and signed the application produced by Randall. The evidence is sufficient to sustain a finding that Randall asked Connery how much insurance was on the property, and Connery replied that he did not know exactly, but would show him the policies, and that he did show him the policies, and Randall looked them over; that he also told Randall that Mr. Hayes had a mortgage on the property of $1,000, and Mr. Hefferman one of $800; and that a couple of days later Randall came back to Connery and asked him if the building was on leased land, and whether he had ever had a loss by fire; and that the questions were correctly answered. Randall wrote out the answers to the application signed by Connery, and the material questions and answers are as follows:

"(1) Are you the sole and undisputed owner of the property? No. (2) If a building, do you own the land on which it stands? No. (3) Incumbrance—If any, state amount, and to whom? $1,000, James Hayes. (4) What is the present cash value of the property to be insured? $7,000. (5) How much other insurance on the property? $1,000. (6) In what companies, and at what rate? Commercial Union."

This application, although made in 1899, was dated by Randall April 11, 1897. On or about May 1, 1899, the defendant executed and delivered to Connery a policy of $1,500. On or about May 1, 1900, a renewal policy was executed and delivered to him. The premiums on each of these policies was paid to Burke for the defendant. Thereafter a judgment was obtained against Connery, and an execution thereon was returned unsatisfied. On September 28, 1900, one Frank M. Jenkins was appointed receiver in proceedings supplementary to said execution.

On the 18th day of October, 1900, the secretary of the defendant indorsed on the policy: "Said policy this day transferred to Frank M. Jenkins, receiver." Thereafter, and on October 31, 1900, Jenkins, as receiver, sold the building to James T. Brusnihan, and on the following day Brusnihan sold the building to the plaintiff. The several transfers were reported to said Burke, a collector for the defendant, and at whose place of business Randall had an office when in Saratoga. Burke telephoned to the home office of the defendant reporting the several transfers. Burke was answered from the home office, either by Allen, secretary of the company, or by Randall, who seems to have spent a portion of his time in the defendant's home

office. He was told from the home office to send the policy to them. Burke. obtained the policy from Connery, and sent it to the defendant. The defendant remailed it to Burke, with directions to have Connery sign his name on the back. This was done, and the secretary of the company then, in writing on the policy, consented that the interest of Michael Connery be assigned to Johanna Hayes, the plaintiff. On the 18th day of March, 1901, the building was wholly destroyed by fire. The total insurance thereon amounted to $5,600. The plaintiff claimed that the total loss was $4,100, and the insurance companies, other than the defendant, paid their proportionate amount of such loss, aggregating $2,829.57. The defendant refused to pay its proportionate part of said loss, and this action was brought to recover the balance of $1,071.43. Judgment was rendered against the defendant for that amount and costs.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and LYONS, JJ.

Ostrander & Salisbury (William S. Ostrander, of counsel), for appellant.

William D. McNulty, for respondent.

CHASE, J. The applicant for insurance could not read writing. In response to the questions propounded by the representative of the defendant, he gave truthful answers. Where the insured gives true answers to the questions put to him as a basis of insurance, and an authorized agent of the insurance company inserts in the application false answers, the company, and not the insured, is responsible for their falsity; and their falsity is no defense to an action upon the policy. O'Brien v. Home Benefit Society, 117 N. Y. 310, 22 N. E. 954; Sternaman v. Met. Ins. Co., 170 N. Y. 13, 62 N. E. 763, 57 L. R. A. 318, 88 Am. St. Rep. 625; Mead v. Saratoga & Washington Fire Ins. Co. (Sup.) 80 N. Y. Supp. 885.

It does not appear, other than from the written application, that the applicant made any statement in regard to the value of the building. Ordinarily, a statement of value is a mere matter of opinion. Dacey v. Agricultural Ins. Co., 21 Hun, 83; Smith v. Home Ins. Co., 47 Hun, 33.

The indorsement on the policy by the defendant, consenting to its transfer by Connery to plaintiff, was made after information of the several transfers of the building, and in the face of its former recognition of Jenkins, as receiver, as the owner of the policy. The policy was assigned in the manner directed by the defendant. Plaintiff was then the actual owner of the building, and defendant should be held to have consented to continue the insurance on the building, with the plaintiff as the owner, as effectually as if a new policy had then been written in her name. Shearman v. Niagara Fire Ins. Co., 46 N. Y. 526, 7 Am. Rep. 380.

Judgment should be affirmed, with costs. All concur.