### CARDINALE v. SOCIETY OF CIVILITY AND LABOR.

(Supreme Court, Appellate Term.   February 11, 1907.)

1. INSURANCE—MUTUAL BENEFIT INSURANCE—NONPAYMENT OF DUES.

The by-laws of a mutual benefit society were subject to modification by a majority vote at an ordinary meeting.   The society at a meeting unanimously agreed that a member in arrears, who desired to place himself on a common basis with the society, would not lose the rights granted.   The name of a member in arrears was canceled, and he died without formal reinstatement; but he paid to an officer of the society a sum sufficient to pay the arrears.   The officer retained the amount paid about two weeks, until the death of the member.   *Held*, that the society was liable to the member; forfeiture for nonpayment having been avoided by the payment to the officer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1909.]

**2. SAME—AMOUNT OF RECOVERY.**

Where, in an action by the representative of a deceased member of a mutual benefit society for $100 benefits, and for funeral expenses provided for by the by-laws of the society, binding it to pay funeral expenses, not to exceed $75, there was no evidence of funeral expenses of the member, the rendition of a verdict for $75 as funeral expenses was erroneous.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Giuseppe Cardinale, as administrator, against the Society of Civility and Labor. From a judgment for plaintiff, rendered in the Municipal Court of the city of New York, defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Antonio Astarita, for appellant.

Palmieri & Wechsler, for respondent.

MacLEAN, J. It is practically admitted that plaintiff's intestate had been a member of defendant corporation; that he had been upwards of three months in arrears; that on March 8, 1906, under article 25 of the by-laws, his name had been canceled therefor from the roster of the society; and that he died without formal reinstatement on the 31st of May following. The defendant contends that the plaintiff was therefore not entitled to recover the $100 benefit provided by article 38 or funeral expenses provided by article 40 of the by-laws. Evidence there was, though contradicted, of payment by the intestate, some two weeks prior to his death, to an officer of the corporation of more than the amount of his arrears, of its retention, and then return after the officer was informed of his demise; and the determination of the trial justice thereon in favor of the plaintiff calls for no interference by this court, for "the law does not favor forfeitures, and sometimes slight acts, with full knowledge of the facts, will be held to be a waiver." Kehrbaum v. Kegal (Sup.) 40 N. Y. Supp. 589, 591. It may not well be urged that such informal reinstatement would not be within the constitution and by-laws of the defendant, for the preamble to the constitution, as submitted in translation, reads:

"The articles of this constitution are fundamental and incancellable; while the articles of the by-laws may be modified or added to when it occurs, but at the majority of votes of the assembly at ordinary meeting."

And the financial secretary, reading from the minutes of the meeting at which the name of plaintiff's intestate was canceled, said:

"In order to better facilitate matters, it was agreed unanimously by the assembly, to facilitate, if one of the members was in arrears and desired to place himself upon a common basis with the society, would not lose the rights granted by the statutes or by-laws of the society."

The justice, however, in awarding to the plaintiff the sum of $175, exclusive of costs, awarded more than was established by the evidence; for there was no evidence of funeral of the deceased or of funeral expenses, which, by article 40 of the by-laws, "will not be more than $75."

The judgment should therefore be reduced by the sum of $75, and, as thus modified, affirmed.

Judgment reduced by the sum of $75, and, as thus modified, affirmed, without costs.   All concur.