for the wife of the defendant to appear and execute the deed to be tendered to the plaintiff would not affect the right of the plaintiff in maintaining the action in equity, although it might have a bearing on the question of costs. The filing of these papers does not affect the plaintiff's rights if this be regarded as an action at law. Considered as an action at law filing of the papers is quite immaterial, for that does not constitute the commencement of the action, and, so far as the record shows, the summons was not served until after there was due tender and demand of performance, which put the defendant in default.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.

(141 App. Div 180.)

### FOLEY v. NEW YORK MUT. BENEV. SOCIETY.

(Supreme Court, Appellate Division, First Department    December 2, 1910.)

1. BENEFICIAL ASSOCIATIONS (§ 18*)—ACTION FOR BENEFITS—RIGHT OF ACTION.
   Though the certificate of incorporation of a mutual benevolent society organized by the members of a police force provided that its object was to aid deserving members, but such aid must be voluntary and not otherwise, where the constitution and by-laws entitled a member to certain benefits upon payment of the required dues and assessments and conformity to the constitution and by-laws a member entitled to such benefits could maintain an action against the society therefor.

   [Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. §§ 41–50; Dec. Dig. § 18.*]

2. BENEFICIAL ASSOCIATIONS (§ 18*)—CONSTITUTION—CONSTRUCTION—"DISMISSED."
   The constitution of a mutual benevolent society organized in the New York, City police department required a member to be in good standing for one year before he would be entitled to any benefit, except death or dismissal, and by another section a member who absented himself from duty for five days or more, and was therefor dismissed from the department, relinquished all claim to benefits, and Greater New York Charter (Laws 1901, c. 466) § 303, in fact provided dismissal for such cause. The constitution of the society also deprived any member of benefits who was convicted of crime, or was exceptionally reckless, or who apparently sought dismissal. The society was incorporated about three years after the rendition of a decision by the Supreme Court holding that a constitutional provision of a similar society, giving benefits to a member dismissed from the force for a violation of duty, was invalid. Greater New York Charter (Laws 1901, c. 466) §§ 353, 354, 355, provided for the pensioning of policemen who were "relieved and dismissed" from the police force because of injuries sustained in the line of their duty, disability, or disease contracted without misconduct, and in case of veterans of the police force or war veterans after having served on the force for a certain period. Held, that a policeman who was retired because of physical infirmities, rendering him incapable of performing his duties, was "dismissed" within the first provision of the constitution set out, so as to be entitled to benefits, though he had not been a member for one year.

   [Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. §§ 41–50; Dec. Dig. § 18.*

   For other definitions, see Words and Phrases, vol. 3, pp. 2104, 2105.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

3. CONTRACTS (§ 153*)—CONSTRUCTION.
In construing a contract or any other document, all the words used therein must be given effect, if possible.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 734; Dec. Dig. § 153.*]

Appeal from Trial Term, New York County.

Action by James Foley against the New York Mutual Benevolent Society. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Florence J. Sullivan, for appellant.

A. L. Pincoffs (Edward D. O'Brien, on the brief), for respondent.

CLARKE, J.   The appellant, New York Mutual Benevolent Society, was incorporated under the laws of the state of New York relating to membership corporations on July 30, 1907. Its certificate of incorporation states:

"That the particular objects for which said corporation is formed are as follows, viz.:  To aid deserving members according to law; such aid must be voluntary and not otherwise."

The constitution and by-laws provide, inter alia, as follows:

"Sec. 2. The object of this society is to aid deserving members in good standing."

"Sec. 6. * * * It shall be the duty of the counsel to this society to represent and protect the rights and interests of any member of this society in all the courts of this state, including trials or proceedings affecting this society, and the legal rights of its members upon all police matters, all of which shall be done for and in the name of this society, without cost to the individual member.

"Sec. 7. Any member who may be dismissed from the department and is reinstated through the efforts of counsel for this society, on his receiving his back salary he shall compensate the society for the amount spent by the society for printing, etc., to bring his case before the courts of jurisdiction."

"Sec. 9. Any uniformed member except matrons of the New York City police force may apply for membership in this society any time within six years after his appointment in the department.   The initiation fee shall be twenty-five cents and the dues twenty-five cents every alternate month."

"Sec. 14. Every member will be assessed fifty cents for each member killed or who may die from injuries received while making an arrest or attempting to save life, and twenty-five cents for death, dismissal or retirement of a member.   But there shall not be any more than eight assessments paid in any one month, and any member who may resign from the police department and who shall have been a member of the society for five years, or any member who shall resign from the police department and who has been a member of this society for three years, he may pay all dues and assessments until he is five years a member, when he shall receive his endowment.   Any one who has resigned from the police department and is still a member of this society cannot attend meetings and is not entitled to any other benefit except endowment.   Any member who may absent himself from duty for five days or more and is therefor dismissed from the department relinquishes all claim to any benefit of this society.   Or any member convicted of crime, or any member who is exceptionally reckless, or apparently seeks dismissal, after investigation and report by the Board of Directors, if such report favors depriving such members of their benefits and find to their satisfaction they are guilty of any of the above sections, they will be deprived of any benefits

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

derived from membership in this society. A member must be in good standing in this society for one year before he will be entitled to any benefits, except death or dismissal. * * * There shall be maintained a contingent fund for the purpose of paying any of the liabilities of this society. * * * "

"Sec. 17. Any officer of the police department above the rank of patrolman who may join this society is not eligible to attend any meeting, but may submit in writing through the delegate of his precinct or squad any question he wishes discussed in the interest of the society, and it will receive due consideration."

The respondent for more than 12 years prior to April 24, 1909, was a patrolman in the police department of the city of New York, and for eight months prior to April 24, 1909, had been a member of the society in good standing. On April 21, 1909, the police commissioner ordered a board of three police surgeons to examine the respondent. On April 23d they certified to the commissioner the result of their examination, whereupon the following order was made by the commissioner:

"New York, April, 24, 1909. Special order No. 108B having been made on the 21st day of April, 1909, directing Police Surgeons Samuel M. Johnson, Edward J. Donlin, and Francis H. Murray to proceed to the examination of Patrolman James Foley 26th prect., who has been a member of the police force more than ten years and less than twenty-five years, for the purpose of ascertaining whether he is superannuated by age, permanently insane, or mentally incapacitated or disabled physically or mentally so as to be unfitted or unable to perform full police duty by reason of such disability or disease contracted without misconduct on his part, and said police surgeons having conducted such examination and having reported and certified the result thereof in writing and the cause, nature and extent of his disability and that the said James Foley is disabled physically so as to be unfitted and unable to perform full police duty by reason of such disability or disease contracted without misconduct on his part, and it appearing that section 354, subdivision 4, of the Greater New York Charter [Laws 1901, c. 466], is applicable to such case, it is ordered, that James Foley, a member of the police force of the city of New York be and he hereby is retired and dismissed from membership in the said police force, and he is hereby granted a pension at the rate of $445 per annum, the said pension to be paid and the payment thereof to be subject to the laws and statutes in that case made and provided and the rules and regulations of this department with reference thereto. Ordered, that this order take effect this day at midnight to-night."

On said date the defendant had a membership of 2,689 members. For several months theretofore the number of assessments made upon the members of defendant or paid did not exceed eight. The respondent made a proper demand, but no assessment for and no payment of benefit were ever made, whereupon this suit was brought and judgment was rendered in respondent's favor for $672.50, with costs and disbursements. From said judgment, this appeal is taken.

Appellant contends, first, as the certificate of incorporation provides that the objects of the corporation are "to aid deserving members according to law; such aid must be voluntary and not otherwise," no action will lie to compel it to furnish the aid so provided to be voluntary. The constitution and by-laws constitute the contract between the society and a member. The society promised that, if the member should pay the required dues and assessments and otherwise conform to the provisions of the constitution and by-laws, he would

be entitled to certain prescribed benefits. If, without right, the society breached its contract, we have no doubt a cause of action accrued. "When the defendant refused to make an assessment it vio-lated its contract, and became liable to the plaintiff for the damages caused by such violation; and such damages like all damages for breaches of contracts can be recovered by an action at law. So it has been held in many analogous cases. * * * The plaintiff was therefore entitled to recover something, and what was the measure of his damages? Just what he lost by the defendant's breach of its contract. He was entitled to have an assessment made and collected, and the proceeds thereof paid to him." O'Brien v. Home Benefit Society, 117 N. Y. 310, 22 N. E. 954. Second, as the constitution provides "a member must be in good standing in this society for one year before he will be entitled to any benefits except death or dismissal," appellant contends respondent was not entitled to the benefit because he had been a member for only eight months, and had not died or been dismissed from the police force, but had been retired. We think respondent was dismissed from the force, and therefore comes within the exception.

The appellant contends that the word "dismissal" imputes a culpable violation of some rule or regulation or laws, and cites McCormick v. McCarton, 95 App. Div. 426, 88 N. Y. Supp. 722. In that case the Police Sergeants' Endowment Benevolent Society of the city of New York, a voluntary association organized in the year 1899, was under consideration. Its constitution provided that upon the dismissal from the police force of any member of the society in good standing he should receive $250. By resolution the amount payable upon a dismissal from the force or at the death of a member was raised from $250 to $350, and no payment was to be made upon the retirement of a member as a police officer. The plaintiff in that case had been dismissed from the police department upon charges. He brought the action for the $350 provided for in the resolution referred to. This court said:

"The money that the plaintiff seeks to recover is money contributed by police sergeants who are members of this association, and it was to be paid to an officer who has been dismissed, as indemnity for the penalty imposed for a violation of his police duty, when such a violation results in his dismissal from the force. That such an agreement among public officers is against public policy would seem to be clear from a mere statement of the case."

That decision was rendered in June, 1904, and, as the society at bar was not incorporated until July, 1907, it must be assumed that its constitution was adopted in view of the rule of law as announced, and especially as it had been pronounced in the case of a similar society in the same police department. That this is so is shown by the provisions of section 14 thereof that "any member who may absent himself from duty for five days or more and is therefor dismissed from the department relinquishes all claim to any benefit," evidently referring to section 303 of the city charter providing that "a member of the police force absent without leave for five days shall, at the

expiration of said period, cease to be a member of the force, and be dismissed therefrom without notice" and the further provision:

"Or any member convicted of crime or any member who is exceptionally reckless or apparently seeks dismissal, * * * shall be deprived of any benefits derived from membership in this society."

The framers of this constitution thus carefully guarded the provisions for the benefit upon dismissal from being held illegal as against public policy under the rule laid down in the McCormick Case. But it was dismissal under charges or for misconduct that was condemned. In interpreting a law, a contract, a will, or other document, all of the words. used must be given effect if possible. We must assume, therefore, when the provision was made for the payment of a benefit upon dismissal and dismissal was excepted from the limitation that the member must have been in good standing for a year prior thereto, such dismissal was not of the character condemned by law.

We find in the Greater New York Charter provisions fully sustaining this interpretation and demonstrating that an officer may be dismissed from the department not alone without odium thereto attaching, but even evidencing conspicuous and meritorious conduct. Section 353 of the charter (chapter 466, Laws 1901) provides for a police pension fund derived from a number of sources, including 2 per cent. of the pay of each member of the police force deducted monthly by the comptroller, with a further provision that, in case the amount derived from the different sources mentioned in the section shall not be sufficient, it shall be the duty of the board of estimate and apportionment and the board of aldermen to make an appropriation sufficient to provide for such deficiency. Section 354 provides:

"The police commissioner shall have power, in his discretion, to retire and dismiss from membership in the said police force, and thereupon to grant pensions to, as hereinafter provided, any member of the police force of said city who shall have become disabled, physically or mentally, or superannuated by age so as to be unfit for police duty. * * * (3) * * * To any such member of any such police force who, whilst in the actual performance of duty and by reason of the performance of such duty, and without fault or · misconduct on his part, shall have become permanently disabled, physically or mentally, so as to be unfitted to perform full police duty, a sum not exceeding one-half nor less than one-fourth of his rate of compensation per annum. (4) To any such member of the said police force who shall, after ten years and less than twenty-five years' membership in any such police force, become superannuated by age, permanently insane or mentally incapacitated, or disabled physically or mentally, so as to be unfitted or unable to perform full police duty by reason of such disability or disease contracted without misconduct on his part, a sum not to exceed one-half nor less than one-fourth of his rate of compensation per annum."

Section 355 provides that:

"Any member of the police force being of the age of fifty-five years who has or shall have performed duty on such police force as aforesaid for a period of twenty years or upwards, upon his own application in writing, may, or upon a certificate of so many of the police surgeons as the police commissioner may require, showing a member of whatever age who has served twenty years is permanently disabled, physically or mentally, so as to be unfit for duty, shall, by order of the police commissioner, be relieved and dismissed from said force and service and placed on the roll of the police

pension fund, \* \* \* and any member of the police force who has or shall have performed duty on any such force aforesaid, for a period of twenty-five years or upwards, being of the age of fifty-five years, or any member of any such police force who is an honorably discharged soldier or sailor from the army or navy of the United States in the late Civil War, who shall have reached the age of sixty years, or any such soldier or sailor who has performed duty on any such force for a period of twenty years, upon his own application in writing, providing there are no charges against him pending, must be relieved and dismissed from said force and service by the department and placed on the roll of the police pension fund, \* \* \* and the said commissioner may in like manner relieve and dismiss from the service and place on the roll of the police pension fund, and grant and award a pension to any member of said force other than an honorably discharged soldier or sailor of the Mexican or late Civil War who shall have reached the age of sixty years."

So that direct provision of law is made for the dismissal of members of the force injured in the line of duty incapacitated for active service by disability or disease contracted without misconduct, veterans of the Civil or Mexican wars, or veterans of the force itself, after having served therein the prescribed period of years. Upon the face thereof such dismissals are honorable, but they are none the less dismissals. Applying the rule of interpretation above alluded to to the constitution and by-laws of the appellant, we hold that the dismissals provided for in the sections of the charter cited were the dismissals contemplated in the words "a member must be in good standing in this society for one year before he will be entitled to any benefits, except death or dismissal."

As it appears conclusively by the proof that the respondent was honorably dismissed from the department, he is entitled to recover the benefit provided for.

It follows, therefore, that the judgment appealed from should be affirmed with costs and disbursements to the respondent. All concur.